Jeffrey MORGAN, et al., Plaintiffs,

v.

John A. McNIFF, II, et al., Defendants.

No. 87 Civ. 3333 (VLB).

United States District Court,
S.D. New York.

Aug. 31, 1992.

F. Wolff III, Schumann, Hanlon, O'Connor & McCrossin, Jersey City, N.J., for defendants.

Fran L. Rudich, Biegel & Sandler, New York City, for plaintiffs.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

Defendant Columbia Savings and Loan Association has moved for summary judgment against the fourth amended complaint in this case involving alleged fraud against Illinois investors purchasing shares in a limited partnership dedicated to constructing an apartment complex in Texas. The investors executed promissory notes which were purchased by prearrangement by Columbia, a New Jersey bank. The notes provided that they "shall be construed and enforced in accordance with the law of the State of New York." The investors seek to prevent Columbia from enforcing the notes on the grounds that fraud was involved in their original sale and that under the circumstances of this case this defense can be asserted against Columbia.

Two counts of plaintiffs' fourth amended complaint assert that the promissory notes involved are unenforceable by Columbia.

Count Seven is based upon provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121–½, ¶ 261 et seq. (1968) to the effect that, absent certain notices in 10–point type which were not given here, consumers signing retail installment contracts may assert against assignees of such contracts any right or defense available against the seller of the merchandise. Plaintiffs contend that this provision is applicable on the ground that the limited partnership securities they purchased were "merchandise" sold for personal use, thus making the investors "consumers."

Count Eight seeks relief against Columbia's ability to enforce the notes on the more general ground that fraud was involved in the underlying transactions and that "defendant Columbia is not a holder in due course of the Investor Notes."

According to an affidavit of Ronald J. Pierce, former vice president of Columbia, no representative of Columbia undertook

any independent investigation of the status of the underlying property. Columbia relied almost entirely upon the fact that under the terms of the commitment, the limited partnership was to obtain a surety bond for the payments. Accordingly, it did not conduct an analysis or review of the financial status of the underlying investment: it did not cause a representative to visit the site of the property; and it did not ask for or receive property appraisals, financial statements or other information relating to profit and loss.

While Columbia's motion for summary judgment seeks dismissal of the entire complaint and vacatur of a former consent order creating an escrow account, its argument addresses chiefly the question of whether the Illinois statute is applicable as a matter of choice of law. Columbia points out that in this diversity case this court must apply state law as to choice of law rules, and argues that the notes by their terms require application of New York substantive law, which application New York courts would enforce under N.Y. General Obligations Law § 5–1401.

In passing upon this summary judgment motion under FRCP 56, the court must draw all reasonable inferences in favor of the opponent of the motion.

## II

The affidavit of the former Columbia officer noted above suggests at best irresponsibility or deliberate eye-closing on the part of Columbia in purchasing a significant number of notes to finance a substantial real estate transaction about which Columbia seems to have taken pains to learn little or nothing. See generally *Direct Sales Co. v. United States*, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943); *United States v. Heinemann*, 801 F.2d 86, 93 (2d Cir.1986), *cert. denied* 479 U.S. 1094, 107 S.Ct. 1308, 94 L.Ed.2d 163 (1987); see also *United States v. Cogdell*, 844 F.2d 179, 181

(4th Cir.1988); *United States v. Lizotte*, 856 F.2d 341, 343 (1st Cir.1988).

Columbia has made no showing that it enjoys the status of holder in due course under New York or other law protecting it from defenses the plaintiffs in this case might have against the original payee of the promissory notes involved here. If fraud was involved in the transaction as alleged in the fourth amended complaint, and if Columbia was or should have been aware of it, or deliberately shut its eyes to any clues vouchsafed to it, then it may be unable to enforce promissory notes which were made as a result of the alleged fraud. See generally *National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199 (2d Cir.1987).

If plaintiffs fail to show that any fraud involved in the transactions tainted the choice of law provision contained in the notes, New York law may govern the interpretation and enforcement of the notes by virtue of the provision in the promissory notes to that effect entirely aside from General Obligations Law § 5–1401. *Carnival Cruise Lines v. Shute*, —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).[1] This, however, may not aid Columbia if fraud is found under New York law. See N.Y.Gen.Bus.Law §§ 349–350. Moreover, the spirit if not the letter of the Federal Trade Commission Holder in Due Course Rule, 16 C.F.R. pt. 433, 40 Fed.Reg. 53524 (Nov. 18, 1975) may be relevant. See generally Smith, "Preserving Consumers Claims and Defenses," 63 A.B.A.J. 1401 (Oct. 1977); Chaffin, "Holder in Due Course and the FTC Rule," 42 Consumer Fin. L.Q. 124 (1988).

## III

█ Count Seven presents genuine issues of material fact concerning whether fraud was involved in the solicitation of the promissory notes from plaintiffs and whether that defense is available to them against Columbia.

---

**1.** General Obligations Law § 5–1401 as such applies solely to transactions involving in excess of $250,000, and Columbia has cited no authority supporting aggregation of individual promissory notes involving lesser amounts to reach that threshold. See generally *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

It is questionable whether plaintiffs would qualify as consumers under the Illinois Consumer Fraud Act or whether the limited partnership interests they purchased would be considered "merchandise," and plaintiffs cite no authority so indicating. See *Morris v. Gilbert*, 649 F.Supp. 1491, 1497 (E.D.N.Y.1986) (New York consumer protection law). Defendant Columbia has not, however, offered any argument to the effect that plaintiffs were not consumers or that the limited partnership interests they purchased were not merchandise. Thus application of the Illinois provision is an open question which has not been directly addressed by the parties.

■ The Illinois statute which has been the focus of the submissions of both parties in connection with the pending motion may likewise be obliquely pertinent as persuasive authority even if not directly applicable, see Stone, "The Common Law in the United States," 50 Harv.L.Rev. 4 (1936), inasmuch as consumer protection provisions are generally deemed applicable to consumers in the enacting state without infringing on the primacy of other choice of law rules with regard to other aspects of a transaction. See *Aldens, Inc. v. Miller*, 610 F.2d 538, 539 (8th Cir.), *cert. denied* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1979); *Aldens, Inc. v. Ryan*, 571 F.2d 1159 (10th Cir.), *cert. denied* 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978); *Aldens, Inc. v. LaFollette*, 552 F.2d 745 (7th Cir.), *cert. denied* 434 U.S. 880, 98 S.Ct. 236, 54 L.Ed.2d 161 (1977). Consumer protection concepts may have some persuasive impact even where not directly applicable, in situations in which less knowledgeable parties are allegedly defrauded by being lured into a sophisticated multi-party legal net. See N.Y.Gen.Bus.Law §§ 349–350.

## IV

Columbia's motion for summary judgment or to dismiss the complaint is denied.

A settlement conference will be held on November 20, 1992 at 11:30 AM, at which time principals of both parties with authority to reach a settlement agreement, including authority to modify any previously established settlement positions, well as counsel, are directed to attend; a natural person located outside the state may fulfill this requirement by delegating complete plenipotentiary authority to counsel without pre-established settlement limitations rather than appearing in person.

SO ORDERED.