**UNITED STATES of America for the use and benefit of R.I.M. PLUMBING and HEATING SUPPLY, INC., Plaintiff,**

v.

**FREEDOM PLUMBING AND HEATING, INC., et al., Defendants.**

**MERRITT MERIDIAN CONSTRUCTION CORP., Third–Party Plaintiff,**

v.

**Steven G. BARKANYI and Harry Ritz, Third–Party Defendants.**

**No. 90 Civ. 2816 (VLB).**

United States District Court, S.D. New York.

Sept. 28, 1992.

Laurence D. Kleinman, and Donna R. Cohen, Kleinman & Saltzman, West Nyack, N.Y., for plaintiff.

Stephen P. O'Hare, Hopewell Junction, N.Y., for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

In this Miller Act case (based upon 40 U.S.C. § 270a et seq.), plaintiff seeks to recover from a surety (General Insurance Company of America) and a prime contractor (Meridian Construction Corp.) because a designee of a subcontractor failed to pay plaintiff for materials used in a postal construction job.

The parties have consented to a non-jury trial before United States Magistrate Judge Mark D. Fox, and motions for summary judgment have been filed by the parties mentioned above. The Magistrate Judge in a Report and Recommendation signed December 13, 1991, found the essential facts undisputed and concluded that the designee (Mid–Hudson Mecanix Ltd.) of the subcontractor (Freedom Plumbing and Heating Inc.) was not covered by the prime contractor's bond as necessary for liability of the surety or under the Miller Act.

Plaintiff, while objecting to the Magistrate Judge's Report and Recommendation, concedes that "... the Magistrate's recitation of ... the basic, material facts are accepted as correct." (Objections, p. 2). The core of plaintiff's objections appears to be that the subcontractor's designee was an *alter ego* of the subcontractor. But the surety was not involved in any effort of the subcontractor or its *alter ego* to create or avoid what would otherwise have been their rights or obligations. See Restatement of Contracts (Second) § 318(3) (1981); 4 A. Corbin, *Contracts* § 866 (1951); see also *Bier Pension Plan v. Estate of Schneierson*, 74 N.Y.2d 312, 545 N.E.2d 1212, 546 N.Y.S.2d 824 (1989).

While one cannot use a change of corporate entities to escape otherwise binding obligations, *Lowen v. Tower Asset Management*, 829 F.2d 1209 (2d Cir.1987), *aff'g* 653 F.Supp. 1542, 1551–56 (S.D.N.Y. 1987), neither can an innocent surety be held liable because a trading partner chooses to do business with an entity not insured by that surety. See generally *Haverstraw Associates v. Rendel Tower, Ltd.*, 1992 U.S.Dist. Lexis 7915 (S.D.N.Y. April 15, 1992).

I adopt the Report and Recommendation of the Magistrate Judge and grant summary judgment to the moving defendants named above as described in the Report and Recommendation and deny summary judgment to plaintiff.

In doing so, I note that the Report and Recommendation is confined to liability under the suretyship provisions of the Miller Act and does not purport to determine what unjust enrichment, *quantum meruit*, materialman's lien, or other claims, if any, plaintiff may have against the prime contractor if it used and benefitted from plain-

tiff's furnishing of labor or materials for which plaintiff was not paid. Thus, neither the Report and Recommendation nor the present decision constitutes *res judicata,* law of the case, or collateral estoppel with respect to any such claims should they exist.[1]

The parties are directed to inform the Magistrate Judge within 20 days of the date of this memorandum order if any aspects of the pleadings not yet disposed of require trial or entry of judgment. If no such action is taken, the case will be automatically dismissed in its entirety (subject to the limitations on the impact of such dismissal outlined above), effective November 2, 1992; that will close this litigation.

The parties receiving copies of this memorandum order are further directed to forward copies of it to counsel for any other parties to the original litigation whose addresses are known.

SO ORDERED.

---

1. Although plaintiff objects to a passage on page 4 of the Magistrate Judge's Report and Recommendation mentioning that some portion of a check may have been remitted to plaintiff, the Magistrate Judge makes no findings with respect to amounts received by plaintiff or any residual claims plaintiff may have against Merritt Meridian Construction Corp.