In re THOMSON McKINNON INC., Thomson McKinnon Inc. and Realty International Corporation, Debtors.

John J. BRUNETTI and Elberon Investment Corporation, Plaintiffs–Appellants,

v.

THOMSON McKINNON SECURITIES, INC., Defendant–Appellee.

Nos. 92 Civ. 7848 (VLB), 90 B. 10914 and 90 B. 11805. Claim No. 020085.

United States District Court, S.D. New York.

March 4, 1993.

J. Barry Cocoziello, Margaret Lambe Jurow, Podvey, Sachs, Meanor, Catenacci, Hildner & Cocoziello PC, Newark, NJ, for plaintiffs-appellants.

Louis H. Miron, Saiber Schlesinger et al., Newark, NJ, for debtor/defendant-appellee.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This bankruptcy appeal concerns the claim against a securities broker asserted by appellants, as investors seeking control of a New Jersey racetrack, based on the broker's failure to initiate reports to the state police—reports that were necessary for a takeover of control of the track to proceed. Appellants had asked the broker to keep its purchases of the stock for their

benefit in secrecy (Tr. 113–19 to 114–7; Appellant's Brief ["App.Br."] at 2).[1]

United States Bankruptcy Judge Howard Schwartzberg found that because of intervening events, the failure of the broker to report appellants' acquisitions to the state police was not the proximate cause of any losses incurred by appellants. He disallowed the appellants' claim in the broker's bankruptcy proceeding. *In Re Thomson McKinnon Securities, Inc.*, 141 B.R. 559 (Bkrtcy.N.Y.1992).

I affirm Judge Schwartzberg's decision.

## II

Both parties agree that in this adversary proceeding, the Bankruptcy Judge's findings of fact must be accepted if not clearly erroneous. Fed.R.Bankr.P. 8013; *In re Ionosphere Clubs*, 124 B.R. 635, 638 (S.D.N.Y.1991); App.Br. 12. Moreover, appellants do not argue that Judge Schwartzberg's findings are in any respect clearly erroneous.

Instead, relying on *Maxiye Bros. v. Barber S.S. Lines*, 360 F.2d 774 (2d Cir.), *cert. denied* 385 U.S. 835, 87 S.Ct. 80, 17 L.Ed.2d 333 (1966), appellants argue that Judge Schwartzberg's ruling as to the effect of the broker's failure to report to the state police was, rather than a finding of fact, a conclusion of law reviewable *de novo*, *In re Ionosphere Clubs*, 922 F.2d 984, 988–89 (2d Cir.1990), *cert. denied* — U.S. ——, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991) and was erroneous. I reject both contentions.

■ Subsequent to *Maxiye*, a number of Supreme Court decisions have made it clear that factual evaluations of evidence at the trial level involving application of a legal standard should be respected unless clearly erroneous. *Icicle Seafoods v. Worthington*, 475 U.S. 709, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986); *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Particularly pertinent is *Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982), holding that a district court determination that aspects of the appearance of a pharmaceutical product were functional and hence not subject to trade dress protection was a finding of fact, to be upheld under Fed. R.Civ.P. 52 unless clearly erroneous. See also Advisory Committee Notes to 1985 amendment to Rule 56.

■ Judge Schwartzberg listed six events which intervened between the failure of the broker to make disclosures to the New Jersey state police and any harm to the appellants. 141 B.R. at 565–66. Evaluation of whether these factors, considered cumulatively as they must be,[2] sufficiently attenuate any causation on the part of the broker in leading to any loss incurred by the appellants, is essentially factual in nature, and akin to that in *Inwood Laboratories*. Appellants have not argued, and I do not find, that Judge Schwartzberg's evaluation of proximate cause, treated as a finding of fact, was clearly erroneous.

## III

■ In addition, I do not find Judge Schwartzberg's decision to be erroneous even if considered *de novo*. Where a party deliberately creates a potential legal problem, as did appellants by enjoining the broker to secrecy, that party cannot properly invoke the legal system to obtain redress for the consequences of the party's own actions. Had the broker done what appellants now claims it should have done by reporting to the state police appellants' clandestine accumulations of racetrack stock utilizing the broker as nominee, appellants might have complained that this was a breach of duty. Instead, having

1. Because the briefs of the parties contain succinct factual assertions which I deem binding on the submitting party, I designate such briefs as part of the record on this appeal. See generally Fed.R.Evid. 801(d)(2).

2. Events relevant to litigation must be evaluated in their totality where their effects are interlaced. See *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707, 82 S.Ct. 1404, 1414, 8 L.Ed.2d 777 (1962); Tushnet, "Book Review," 82 Colum.L.Rev. 1531, 1536–039 (1982), discussing concept of "disaggregation."

failed to bring off the anticipated transaction, appellants have chosen to sue the broker for complying with the rule of silence imposed by the appellants themselves.

While the legality under federal law of appellants' effort to amass shares preparatory to taking over the racetrack has not been litigated, the federal securities laws do not encourage secret accumulations of shares for the purpose of sudden surprise seizures of corporate control.[3] See generally *Huron Portland Cement Co. v. Detroit*, 362 U.S. 440, 446, 80 S.Ct. 813, 817, 4 L.Ed.2d 852 (1960); *Southern Pacific Co. v. Arizona*, 325 U.S. 761, 773, 65 S.Ct. 1515, 1522, 89 L.Ed. 1915 (1945); *Parker v. Brown*, 317 U.S. 341, 367, 63 S.Ct. 307, 321, 87 L.Ed. 315 (1943); Stone, *The Common Law in the United States*, 50 Harv.L.Rev. 2, 12–18 (1936).

■ Justice Cardozo stated that "No man should profit from his own inequity or take advantage of his own wrong." B. Cardozo, *The Nature of the Judicial Process* 41 (1921). While appellants' plan to accumulate shares by stealth may or may not have been "wrong," to try to catch the broker between the fire of disregarding secrecy instructions and the frying pan of failure to inform the state police is certainly inequitable. Courts should not strain to award damages for conduct leading to the failure of debatable secretive stratagems where the directives of those seeking to effectuate such strategems and now asking for judicial relief were carried out to the letter.

Those such as appellants who choose to enter a specialized field have a duty to learn of applicable regulations. Affirmative requirements of disclosure for those engaged in specific industries are traditional and at this stage hardly new, surprising, or likely to be unexpected. It would be inappropriate for the courts to become the instrument through which appellants could shift the burden of the consequences of appellants' own desire for secrecy onto the broker.

---

**3.** See varying opinions in *CTS Corp. v. Dynamics Corp. of America*, 481 U.S. 69, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987), discussing preemption of state law by federal statutes in this area.