ESTATE OF Goldie SHERADSKY, G.G. Alan Vaughan and Josephine G. Vaughan and Gerald T. Cooney and Beverly J. Cooney, Plaintiffs,

v.

WEST ONE BANK, OREGON, Defendant.

Nos. 86 Civ. 2865, 88 Civ. 9038, 86 Civ. 4779, 86 Civ. 7861, 86 Civ. 9627, 86 Civ. 5664.

No. 85 M 1813.

United States District Court, S.D. New York.

April 5, 1993.

---

Leigh Lasky, Beigel & Sandler, Ltd., Chicago, IL, for plaintiffs.

Fred R. Kucker, Katz, Barron, Squitero & Faust, Miami, FL, for defendant bank.

**VINCENT L. BRODERICK**, District Judge.

■ West One Bank, Oregon (the "bank") renews a previously denied motion for summary judgment with respect to both claims against it by plaintiffs and its own counterclaims. I again deny the bank's motion.

This litigation grows out of losses to investors, including plaintiffs, who borrowed money from the bank and other sources to purchase interests in trucks. Investors were led to believe the trucks would be profitably managed under arrangements to be made by the promoters. The bank engaged in extensive negotiations with the promoters and undertook a "due diligence" study of the scheme. The loans made to the plaintiffs were prepackaged under arrangements worked out between the bank and the promoters.

A report obtained by the bank in the course of its "due diligence" study (but not provided to the investors including plaintiffs and other investors) makes it clear that the profitability of the investments in the trucks was dependent on sales of further participations in the scheme to additional downstream investors:

> Obviously, any conclusive judgment is subjective ... it must be remembered that aside from the nuclear group all support talents, tools and operational procedures will be triggered when funding takes place.[1]

---

1. Exhibit C to plaintiffs' memorandum in opposition to the banks's original motion for summary judgment, quoted in Memorandum in Support of

West One Bank, Oregon's Renewed Motion for Summary Judgment at 5.

This means as a matter of logic that each investor, at some if not necessarily all phases of the promotion, was to put money at risk which could only be recouped if others also bought into the scheme.

A house of cards of the kind suggested by the quoted statement from the report obtained by the bank is sometimes known in its more colorful manifestations as a "Ponzi" scheme or "bubble." Such promotions depend on a steep information gradient favorable to the insiders (possibly here the "nuclear group") and unfavorable to the investors who become enmeshed in the toils of the scheme. That gradient was present here, favorable to the bank as well as to the promoters and unfavorable to the plaintiffs who have now been sued on promissory notes signed in connection with this prepackaged promotion.

■ Where the necessary intent is present, deliberate knowing participation in furthering a Ponzi-type scheme constitutes participation in a scheme or artifice to defraud violative of the federal mail fraud statute (18 U.S.C. § 1341). See *United States v. Armantrout,* 411 F.2d 60 (2d Cir.1969).

■ Consumers or uninformed investors are entitled to protection from losses where they borrow from entities which are recommended or solicited by sellers of goods, services or investment interests that turn out not to meet expectations deliberately created in the minds of the less informed parties.

■ If fraud is involved in a transaction, a financing entity which deliberately shuts its eyes to clues concerning the fraud may be unable to enforce promissory notes signed as a result of the fraud. See *National Union Fire Ins. Co. v. Turtur,* 892 F.2d 199 (2d Cir.1989); *Morgan v. McNiff,* 797 F.Supp. 325 (S.D.N.Y.1992); see also N.Y.Gen.Bus. Law §§ 349–350.

The perceptions underlying the Federal Trade Commission Holder in Due Course Rule, 16 C.F.R. pt. 433, 40 Fed.Reg. 53524 (Nov. 18, 1975), subjecting financiers recommended by a seller of consumer goods or services to claims or defenses the consumer might have against the seller, support this principle. See generally Smith, "Preserving Consumers Claims and Defenses," 63 A.B.A.J. 1401 (Oct.1977); Chaffin, "Holder in Due Course and the FTC Rule," 42 Consumer Fin.L.Q. 124 (1988).

The bank is not entitled to summary judgment.

**SO ORDERED.**