**CHEMICAL BANK, et al., Plaintiffs,**

v.

**AFFILIATED FM INSURANCE COMPANY, Defendant.**

No. 87 Civ. 0150 (VLB).

United States District Court, S.D. New York.

Nov. 15, 1993.

are insufficient to suggest that the Magistrate Judge abused her discretion.

SO ORDERED.

Michael S. Davis, Zalkin Rodin & Goodman, New York City, for Chemical Bank.

John M. Toriello, Glenn J. Winuk, Haight, Gardner et al., New York City, for Banque Paribas, European American Bank.

Robert S. Fischler, Winston & Strawn, New York City, for National Westminster Bank USA.

Paul J. Giacomo, Tenzer, Greenblatt et al., New York City, for Andina Coffee, Inc., Andina Trading Corp.

David G. Keyko, Maurice W. Heller, Winthrop Simpson et al., New York City, for American Express Bank.

Franklin M. Sachs, Podvey, Sachs et al., New York City, for defendant.

## MEMORANDUM ORDER

BRIEANT, District Judge.

The plaintiff banks in this case involving bills of lading covering nonexistent coffee as described in *Chemical Bank v. Affiliated FM Ins. Co.*, 815 F.Supp. 115 (S.D.N.Y.1993), have filed objections to a decision of United States Magistrate Judge Kathleen A. Roberts dated October 22, 1993 authorizing depositions of two witnesses in London for ten days in December 1993, and directing each party to pay its own expenses. Oral argument was not requested. In the interests of time, I overrule the objections without awaiting a response.

The banks' contentions that depositions of two witnesses should last more than ten days or be deferred pending possible addition of further parties, that major banks should not at least initially pay their own costs, and that depositions in London are unduly burdensome to the substantial institutional litigants,