IBM CREDIT CORPORATION, Plaintiff,

v.

UNITED HOME FOR AGED
HEBREWS, Defendant.

UNITED HOME FOR AGED
HEBREWS, Third–Party
Plaintiff,

v.

IBM and ADL Data Systems,
Third–Party Defendants.

No. 92 Civ. 8747 (VLB).

United States District Court,
S.D. New York.

April 5, 1994.

Christopher R. Belmonte, Lane & Mittendorf, New York City, for plaintiff IBM Credit Corp. and third-party defendant IBM.

James F. Rittinger, Satterlee Stephen Burke & Burke, New York City, for defendant United Home.

Arnold P. Etelson, Etelson & Fassberg, Suffern, NY, for third-party defendant ADL Data Systems.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case brought pursuant to the diversity of citizenship jurisdiction of the federal courts involves an attempt by plaintiff IBM Credit Corporation (the "Credit Corporation"), a financing subsidiary of the computer equipment company, to compel payment in full by the defendant United Home For Aged Hebrews (the "Home") for leased computer equipment and software, notwithstanding alleged breaches of contract and failure of the application software to perform.

The plaintiff Credit Corporation sought summary judgment to compel payment and IBM as third party defendant moved for dismissal of the Home's third-party complaint on the grounds that the Home has no recourse against it under the terms of the agreements. The motions were denied in *IBM Credit Corp. v. United Home,* 1994 WL 86597, 1994 U.S.Dist. LEXIS 2886 (SDNY March 3, 1994) (the "March 3 order").

The parties have reached a tentative settlement conditional on vacatur of the March 3 order. For the reasons which follow, the motion is granted and the March 3 order is

vacated effective upon the filing of the stipulation of settlement and dismissal of the litigation signed by attorneys for all parties and by the parties.

## II

■ . Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest. See *Manufacturers Hanover v. Yanakas,* 7 F.3d 310 (2d Cir.1993); *Nestle Co. v. Chester's Mkt,* 756 F.2d 280 (2d Cir.1985).

A significant benefit to the parties is that a vacated order is not binding on the parties in future litigation; this benefit to the losing party can become a bargaining chip in settlement discussions, which are always more likely to be fruitful where more options are on the table. See *Harris Trust & Savings Bank v. John Hancock Mutual Life Insurance Co.,* 970 F.2d 1138, 1146 (2d Cir.1992).

The interests of the parties may also be served if vacatur results in preventing a ruling from having binding precedential impact which may affect them in situations capable of repetition; the party favored by the ruling may give up its precedential benefit in return for other aspects of the settlement. *Reich v. Contractors Welding of Western New York,* 996 F.2d 1409, 1413 (2d Cir.1993) (administrative agency ruling).

## III

The public interest is served by denying vacatur where the decision involved might create collateral estoppel in favor of nonparties whose rights are based on statutory enactments adopted for their protection. See *Cardinal Chemical Co. v. Morton International,* —— U.S. ——, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993) (public interest in ruling of invalidity of patent thus opening the way for otherwise inhibited competition in the marketplace). The *Cardinal* principle is inapplicable where, as in *Kaisha v. U.S. Philips Corp.,* —— U.S. ——, 114 S.Ct. 425, 126

L.Ed.2d 396 (1993), no nonparties appear to be directly impacted by the decision under consideration.

The public interest is also served by availability of information about "what the courts do in fact," Holmes, "The Path of the Law," 10 HarvLRev 457 (1897), also in O.W. Holmes, *Collected Legal Papers* 173 (1921), and the balance of treatment of problems capable of repetition. It would create a non-level playing field if rulings in favor of one side in a given type of case were available, whereas those going the other way were not.

## IV

The proper approach to the parties' motion to vacate the March 3 order may be determined in the light of these principles by analyzing the nature of the order and the effect of the grant or denial of the vacatur upon the parties and the various interests of the public.

As more fully set forth in the March 3 order, in this case a dealer dubbed a "remarketer" entered into a contract with a customer for computer software and hardware, containing an arrangement for financing by a subsidiary of the computer system manufacturer and developer. The customer (the Home) thereafter signed a second agreement committing itself to pay all sums due on a loan granted by the subsidiary to finance the hardware/software combination, regardless of how the equipment or software performed (the "hell or high water" provision).

Accepting the view of the evidence most favorable to the nonmoving party, at the time of signing of the second agreement the customer was not represented by counsel. According to the customer's affidavits, the remarketer created the impression of dealing on behalf of the providers of the computer system, and led the customer to believe that the subsequent second agreement was routine.[1]

---

**1.** Apparent authority requires " 'words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction.' " *Fennell v. TLB Kent Co.,* 865 F.2d 498, 503 (2d Cir.1989), quoting *Hallock v. State,* 64 N.Y.2d 224, 231, 485 N.Y.S.2d 510, 513, 474 N.E.2d 1178, 1181 (1984); see *American Society of Mechanical Engineers v. Hydrolevel Corp.,* 456 U.S. 556, 566, 102 S.Ct. 1935, 1942, 72 L.Ed.2d 330 (1982).

Where all parties to an agreement are or can be expected from the circumstances to be reasonably knowledgeable concerning its implications—as is usually the case when all are engaged in business activity—the agreement is ordinarily enforceable even if some of its terms are harsh or one-sided. See *D.H. Overmyer Co. v. Frick*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

In connection with the summary judgment motion, the court found uncertainty as to whether an agreement to the "hell or high water" provision was formed where:

(1) external circumstances not dependent upon oral testimony suggest likelihood that the party to be bound may have been affirmatively misled concerning the existence of a well-buried provision or the significance of such a provision,

(2) such external circumstances suggest harsh one-sided effects unfavorable to a party which did not initiate the language and is less familiar with transactions of the type involved, and

(3) plausible affidavits indicate that misleading behavior was in fact employed. See *Estate of Sheradsky v. West One Bank*, 817 F.Supp. 423 (S.D.N.Y.1993); *Morgan v. McNiff*, 797 F.Supp. 325 (S.D.N.Y.1992); *Friedman v. Egan*, 64 A.D.2d 70, 407 N.Y.S.2d 999 (2d Dep't 1978).[2]

Under these circumstances, the court determined in the March 3 order that summary judgment in favor of the subsidiary against the customer could not be granted without further inquiry. The court further found a genuine issue of material fact with respect to whether the separate subsequent financing agreement between the customer and the subsidiary offered any benefit to the customer and hence was supported by consideration. See *Weiner v. McGraw–Hill, Inc.*, 57 N.Y.2d 458, 464, 457 N.Y.S.2d 193, 196, 443 N.E.2d 441, 444 (1982).

**VI**

■ Unlike an appellate court or an administrative agency, district court decisions are not treated as binding precedents in other cases. See *In Design v. K–Mart*, 13 F.3d 559, 567 (2d Cir.1994) (even affirmance without opinion of district court ruling not deemed a precedent); *Gan v. City of New York*, 996 F.2d 522, 529–30 (2d Cir.1993) (qualified immunity only available based on Supreme Court and Circuit Court rulings). District court rulings have influence only to the extent that jurists in other cases find them convincing, as would indeed be the case with other forms of legal analysis.

Once a decision has been filed and in the public domain, its influence beyond any effect on the parties is based solely upon future readers' views of its merit, whether vacated in connection with a settlement or not so vacated.

■ As is evident from the above compressed summary of the March 3 order, that order denying plaintiff's and third party defendant IBM's motion for summary judgment has no collateral estoppel or other effect on specific parties now identifiable other than those to the case. It has no valid or binding precedential effect on other cases. Its sole effect beyond that on the immediate parties would be its persuasive, not precedential or binding effect, unaffected by the grant or denial of the motion to vacate.

Accordingly, the interests of the parties favor vacatur and no harm to any public interest will be caused by granting the motion in this case, conditioned on the actual implementation of the settlement as indicated above.

**SO ORDERED.**

---

**2.** The less knowledgeable business entity in such a situation is in a position analogous, although not identical, to that of a consumer protected by the Federal Trade Commission Holder in Due Course Rule, 16 CFR 433, 40 Fed Reg 53524 (Nov 19, 1975), discussed in Smith, "Preserving Consumers' Claims and Defenses," 63 ABAJ 1401 (Oct 1977).