Daniel J. SHARKEY, Plaintiff,

v.

ULTRAMAR ENERGY LIMITED, Lasmo PLC, and Lasmo (Aul Ltd.), formerly known as American Ultramar Limited and Pension Committee of the Ultramar U.S. Employees Retirement Plan, Defendants.

No. 93 Civ. 1469 (VLB).

United States District Court,
S.D. New York.

Nov. 15, 1994.

Thomas R. Beirne, Cuddy & Feder, White Plains, NY, for plaintiff.

Ralph Dawson, Fulbright & Jaworski, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Daniel J. Sharkey seeks to have pension and severance payments from the defendant former employer calculated on the basis that his employment was continuous from an original hire in December 1971 to July 31, 1992. The controversy arises from the fact that Sharkey retired on June 1, 1988 and functioned as a consultant rather than an employee until re-employed on July 1, 1991.

Both parties have moved for summary judgment under Fed.R.Civ.P. 56. Defendants' motions to dismiss all claims are granted; plaintiff's motion is denied. The Clerk is directed to close this case.

### II

Sharkey concedes that during his consulting period he was paid on a per diem basis with no company benefits and no tax withholding. In 1988 Sharkey created an entity, Dan Mar Enterprises, which contracted with the defendant employer for Sharkey's consulting services. His income tax returns treated him as self-employed or employed by Dan–Mar.

Sharkey claims to have been told orally when rehired in 1991 that he would be treated as if he never left. This logically refers to future events such as duties, wages to be paid for future work, duty station, and the

like, and carries no retroactive financial implications.

Sharkey makes no claim that anyone suggested at the time that the oral statement extended to retirement and severance pay—matters which Sharkey would almost certainly have referred to explicitly or requested be set forth in writing had he believed they were intended. A contrary assumption would be "implausible" and require support by "more persuasive evidence ... than would otherwise be necessary" to survive summary judgment under *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). No such evidence has been provided; instead Sharkey's own behavior indicates he did not consider himself an employee during the 1988–1991 period. The absence of a writing reflecting or confirming any understanding contrary to the structure created by Sharkey himself—and inconsistent with his tax filings—has not been explained. See *Alan Skop, Inc. v. Benjamin Moore*, 909 F.2d 59 (2d Cir.1990); *Eastern Air Lines v. Air Line Pilots*, 861 F.2d 1546, 1552 (11th Cir.1988); *Adler & Shaykin v. Wachner* 721 F.Supp. 472, 478 (S.D.N.Y.1988); *Greystone Partnerships v. Koninklijke*, 815 F.Supp. 745, 756–57 (S.D.N.Y.1993); Braunstein, "Remedy, Reason and the Statute of Frauds," 1989 Utah L.Rev. # 2 at 383.

### III

■ A party misled or disadvantaged by a corporate or other business structure created by another person or entity may ask that any sham structure be recharacterized in accordance with substance rather than form. See *United States v. Ingredient Technology Corp.*, 698 F.2d 88, 94–95 (2d Cir.), *cert. denied* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983) and authorities cited. Such recharacterization, akin to piercing the corporate veil, at the behest of the one creating a structure is viewed with much greater skepticism, especially if another party would

be disadvantaged thereby. See *Thomson McKinnon (Brunetti v. Thomson McKinnon)*, 151 B.R. 324 (S.D.N.Y.1993).

■ Given plaintiff's decision to create his own consulting entity to do business with his former employer, this is hardly a case where plaintiff signed a standard form prepared by a more sophisticated party without understanding its implications.[1]

Having created a structure for conducting business through an intermediate entity, Sharkey may not undo his arrangements when to do so suits his interests but is contrary to the interests of others who dealt with him. See *United States for use of RIM Plumbing v. Freedom Plumbing*, 802 F.Supp. 1013 (S.D.N.Y.1992); *Haverstraw Associates v. Rednel Tower*, 1992 WL 131039, 1992 U.S.Dist. LEXIS 7926 (S.D.N.Y. 90 Civ 2548, May 29, 1992).

To permit such a claim to succeed would allow a business structure to be created and then "subverted" because of an "inherent 'potential for abuse.'" *Indian Head v. Allied Tube & Conduit Corp.*, 817 F.2d 938, 947 (2d Cir.1987), *aff'd sub nom. Allied Tube & Conduit Corp. v. Indian Head*, 486 U.S. 492, 108 S.Ct. 1931, 100 L.Ed.2d 497 (1988).

### IV

The pension fund involved here, and possibly the severance pay arrangement, are governed by ERISA. The statute seeks to protect beneficiaries by assuring that they know the facts about employee benefit plans and are protected by the fiduciary duties of plan trustees. It is also critical to ERISA funds that individual employees not be permitted to raid such funds by stretching reality to bring it within a benefit plan, where to do so will ultimately undermine the ability of the plan to pay genuine claims. An evenhanded approach is required by the statute. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989);

---

1. Compare *Morgan v. McNiff*, 797 F.Supp. 325 (S.D.N.Y.1992); *Estate of Sheradsky v. West One Bank*, 817 F.Supp. 423 (S.D.N.Y.1993) with *Lone Star Industries v. Nelstad Material Corp.*, 811 F.Supp. 147 (S.D.N.Y.1993); see *Chemical Bank v. Affiliated FM Ins. Co.*, 151 F.R.D. 546 (S.D.N.Y.1993); Hasen, "Efficiency Under Informational Asymmetry: The Effect of Framing on Legal Rules," 38 UCLA L.Rev. # 2 at 391 (1990); Rakoff, "Contracts of Adhesion," 96 Harv.L.Rev. 1173 (1983).

*Kunstenaar v. Connecticut General Life Ins. Co.,* 902 F.2d 181, 184 (2d Cir.1990); authorities cited, *Schueler v. Roman Asphalt,* 827 F.Supp. 247 (S.D.N.Y.1993).

An evenhanded approach does not permit a bootstrap device taking advantage of a now-you-see it, now-you-don't entity created by one party to the disadvantage of the others—i.e., employees apart from plaintiff.

SO ORDERED.