Tracy L. REID, individually, and on behalf of M.A.R., Plaintiff,

v.

BCBSM, INC. d/b/a BlueCross BlueShield of Minnesota, et al., Defendants.

Civ. No. 12–3005 (RHK/FLN).

United States District Court, D. Minnesota.

Signed June 26, 2015.

Tracy L. Reid, Tucson, AZ, for Plaintiff.

Joel Allan Mintzer, Blue Cross and Blue Shield of Minnesota, John R. Mule, Oliver J. Larson, St. Paul, MN, Mahesha Padmanabhan Subbaraman, Arlington, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD H. KYLE, District Judge.

This matter is before the Court on remand from the Eighth Circuit, with instructions "that the district court provide

an explanation for its decision," specifically, the decision to deny the Motion of Defendants BCBSM, Inc. and Blue Cross and Blue Shield of Minnesota Medical Plan, Group No. 4G175–00 (collectively, "Blue Cross") to Vacate the Court's November 21, 2013 Order. In accordance with the Circuit's mandate, this Memorandum sets forth the Court's rationale for denying the Motion to Vacate.

By way of background, this case concerned Plaintiff's son M.A.R., who was diagnosed with autism-spectrum disorder in 2008. Plaintiff obtained intensive behavioral therapy to address M.A.R.'s developmental delays and sought coverage for the therapy from Blue Cross, her insurer. Blue Cross initially denied her claim, asserting that M.A.R.'s therapy was not medically necessary, and later amended its policies, including Plaintiff's, to exclude coverage altogether for such therapy. Plaintiff then commenced this action, alleging *inter alia* that Blue Cross's exclusion of coverage for intensive behavioral therapy violated Title III of the Americans with Disabilities Act (ADA); she sought declaratory and injunctive relief, but not damages. Blue Cross moved to dismiss all of Plaintiff's claims, including the ADA claim, under Federal Rule of Procedure 12(b)(6). It extensively briefed the issues and participated (along with its co-Defendants) in a lengthy oral argument before the Court on September 30, 2013.

On November 21, 2013, the Court granted in part and denied in part Blue Cross's Motion, dismissing all of Plaintiff's claims except her ADA claim (and a parallel claim under the Minnesota Human Rights Act (MHRA)).[1] As to that claim, the Court held that Plaintiff had stated a plausible entitlement to relief under the standards articulated in *Bell Atlantic Corp. v. Twom-*

*bly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Blue Cross sought permission to move for reconsideration (Doc. No. 95), which was denied by Order dated December 18, 2013 (Doc. No. 97).

On February 3, 2014, Blue Cross filed the Motion (Doc. No. 98) "teeing up" the issue now before the Court. In that Motion, Blue Cross noted that Plaintiff had moved to Arizona, had canceled the insurance policy in question, and could no longer purchase insurance from Blue Cross because it is not licensed to do business in Arizona. As Plaintiff sought only declaratory and injunctive relief with regard to insurance coverage she no longer had and could not re-obtain, Blue Cross argued that her case had become moot. Notably, Plaintiff agreed that her case was moot and cross-moved to dismiss. (Doc. Nos. 105–106.)

In addition to seeking dismissal of Plaintiff's claims, Blue Cross also sought vacatur of the Court's Order granting in part and denying in part Blue Cross's Motion to Dismiss. It argued that because the case had become moot, it had no effective way to challenge on appeal the Court's ruling on Plaintiff's ADA claim—a ruling that it contended was erroneous. And because it was Plaintiff who had mooted the case (by moving), it argued that it "ought not in fairness be forced to acquiesce" to that ruling. (Doc. No. 100 at 9–10 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)).) Plaintiff responded that given the "serious nature of the allegations," and for "the benefit of the public," it was imperative that the Court's earlier decision stand. (Doc. No. 106 at 2.)

---

1. For ease of reference, the Court jointly refers to these claims as a single claim under the ADA.

Even though, as Plaintiff conceded, disposition of a "Motion to Dismiss is not binding precedent to other district court[s]," she argued that "it may be persuasive . . . in the future" and should not be "erased from the record." (*Id.* at 8.)

By Order dated April 15, 2014, the Court dismissed the action as moot but declined to vacate its earlier decision. (Doc. No. 109.) The Court did not explain in writing its reasons for denying vacatur. Blue Cross appealed, and on May 28, 2015, the Eighth Circuit remanded "with instructions that the district court provide an explanation for its decision." (Doc. No. 114 at 5.) The Court does so now.

■ Two key reasons informed the Court's decision to deny vacatur. First, the crux of Blue Cross's Motion was that the Court had erred in refusing to dismiss the ADA claim. But the Court had carefully considered Blue Cross's arguments—which were extensively briefed and addressed at oral argument, and briefed again when Blue Cross sought permission to move for reconsideration—and rejected them. Then, as now, the Court perceived no reason to vacate its decision simply because Blue Cross did not like or agree with it. More importantly, even if Blue Cross's arguments were sufficiently convincing to cause the Court to second-guess the wisdom of its decision, the Supreme Court has counseled that it is "inappropriate . . . to vacate mooted cases . . . on the basis of assumptions about the merits." *U.S. Bancorp,* 513 U.S. at 27, 115 S.Ct. 386 (rejecting argument that decisions in moot cases "should be vacated as a sort of prophylactic against legal error"). It simply was not proper for the Court to vacate its decision based on a "judicial estimate" of the chance it might be reversed. *Id.* at 28, 115 S.Ct. 386.

Second, the Court determined Blue Cross's other concern—the decision's effect on future cases—was illusory. While not saying so directly, Blue Cross's request for vacatur made clear its unease with the impact of the Court's decision. (*See* Doc. No. 100 at 3–4 ("Given the broad implications of [the decision] for health insurance providers . . ."); *id.* at 10 (same).) It reiterated those concerns more concretely on appeal. (*See* Brief of Appellant at 5, *Reid v. BCBSM, Inc.,* No. 14–2083, 2014 WL 3421299 (8th Cir. July 1, 2014) (arguing this Court "refused to vacate its potentially significant but highly questionable decision that the ADA prohibits a health insurance policy from providing different benefits for different disabilities"); *id.* at 6 ("[A]bsent appellate review, the district court's opinion could seriously impact the health insurance industry in Minnesota; in which Blue Cross is the largest provider."); *id.* at 8 ("As long as th[e] decision stands unvacated, other parties can potentially cite it against Blue Cross as *stare decisis.*").)

But this argument was, in the Court's view, simply a red herring; the decision denying dismissal of the ADA claim had little (if any) impact beyond the realm of this case. No other court was bound by the decision, and indeed, even *the undersigned* could have opted to deviate from it in a future case. *See Camreta v. Greene,* 563 U.S. 692, 131 S.Ct. 2020, 2033 n. 7, 179 L.Ed.2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted); *Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC,* 588 F.3d 963, 967 (8th Cir. 2009) ("[O]ne district court is not bound by the holdings of others, even those within the same district."). The Court of Appeals noted as much when remanding the instant action to this Court. (*See* Doc. No. 114 at 5 n. 2.) While the undersigned agrees with Plaintiff that a decision by one district

judge may well be persuasive to another district judge, the simple fact of the matter is that judges are not bound to hew even to themselves and frequently depart from the logic of their brothers and sisters. *See, e.g., Springer v. McLane Co.*, 692 F.Supp.2d 1050, 1059 & n. 13 (D.Minn. 2010) (Kyle, J.) (noting split on a legal issue within the District of Minnesota and that the undersigned had, at different times, chosen to adopt different answers on the issue); *see also IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F.Supp. 495, 497 (S.D.N.Y.1994) ("District court rulings have influence only to the extent that jurists in other cases find them convincing.").[2]

▮ Perhaps Blue Cross was less concerned with *stare decisis*—the *precedential* value of the Court's decision—than with collateral estoppel or *res judicata*, legal doctrines preventing a party from challenging an issue already decided against it. Indeed, this is likely why Blue Cross asserted on appeal that it hoped to prevent the Court's ADA ruling from being "cite[d] against Blue Cross" in future litigation. (Brief of Appellant at 8, *Reid v. BCBSM, Inc.*, No. 14–2083, 2014 WL 3421299 (8th Cir. July 1, 2014).) But this concern, too, was illusory. To apply either issue preclusion (collateral estoppel) or claim preclusion (*res judicata*), an earlier lawsuit must have been disposed of *on the merits. E.g., Plough ex rel. Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 517 (8th Cir.1995) (claim preclusion); *United States v. Gurley*, 43 F.3d 1188, 1198 (8th Cir.1994) (issue preclusion). Obviously, a decision to *deny* a motion to dismiss does not dispose of a lawsuit on the merits; it does precisely the opposite

by clearing the way for the case to continue. Nor could the Court's Order dismissing the case as moot transform its earlier ruling on the ADA claim into a merits-based disposition. *See, e.g., Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir.2005) (court lacks subject-matter jurisdiction over moot case); *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir.2004) (dismissal for lack of subject-matter jurisdiction is not adjudication on the merits); *see also Dist. of Columbia Hosp. Ass'n v. Dist. of Columbia*, 73 F.Supp.2d 8, 12 (D.D.C. 1999) (where previous action was dismissed as moot, preclusion does not apply because "[t]he merits of plaintiffs' claims were never tested").

Moreover, the very nature of the decision challenged by Blue Cross undermined its arguments. The decision under attack disposed of a Motion under Rule 12(b)(6). Hence, the only conclusion reached by the Court when deciding that Motion was that Plaintiff had *alleged* a *plausible* claim under the ADA, and for that reason the Court declined to dismiss the case *on the pleadings*. It made no final determination on the merits, and no judgment was entered on the ADA claim. The Court remained free to revisit its ruling at any time before the case was resolved in its entirety, *see* Fed.R.Civ.P. 54(b)—in other words, the decision was not even binding *in this case*. And it is for this reason Blue Cross was incorrect in arguing it had been "deprived of the ability to appeal this Court's Motion–to–Dismiss Order." (Doc. No. 100 at 10.) Blue Cross *never* possessed the "ability" to appeal that Order because it did not dispose of the case or result in the entry of a final judgment. *See* Fed.

---

2. Moreover, the Court did not believe that vacatur could "unring the bell," so to speak. By the time Blue Cross moved for vacatur, more than two months had passed since the Court had issued its Order on the Motion to

Dismiss. Even if the Court vacated the Order, interested third parties likely were already aware of it and had obtained copies of it.

R.Civ.P. 54(b).[3] If, and only if, (1) the case had been litigated to its conclusion, (2) Blue Cross had not prevailed, and (3) the decision on the Motion to Dismiss remained standing by the time the case ended, would Blue Cross have *then* obtained the "ability" to appeal. Absent those events taking place, there was no right to appeal and no reason to vacate the decision on the ADA claim. *See Camreta,* 131 S.Ct. at 2035 n. 10 ("Vacatur expunges an adverse decision *that would be reviewable* had this case not become moot.") (emphasis added).

 This, too, rendered distinguishable the cases cited by Blue Cross in support of vacatur. True, the Eighth Circuit has indicated that vacatur is the "normal practice when a case has been rendered moot by events outside the parties' control." *Teague v. Cooper,* 720 F.3d 973, 978 (8th Cir.2013). But the rationale behind this rule is "to prevent an unreviewable decision from spawning any legal consequences," *id.* (citing *Camreta,* 131 S.Ct. at 2035), and this is why vacatur generally occurs only in cases in which a *judgment* has been entered and *then* the case becomes moot—it is the finality of the judgment that gives the decision "legal consequences." *See, e.g., id.* (case became moot after judgment entered in district court); *Wojewski v. Rapid City Reg'l Hosp.,* 450 F.3d 338, 340 (8th Cir.2006) (same); *see also Fauconniere Mfg. Corp. v. Sec'y of Defense,* 794 F.2d 350, 352 (8th Cir.1986) (directing vacatur of order granting preliminary injunction after issue became moot on appeal). As the Supreme Court noted in *Camreta,* vacatur "rightly" occurs when it "strips the decision below of its *binding effect.*" 131 S.Ct. at 2035 (emphasis added). By contrast here, for the reasons already provided, there are no "legal consequences" or "binding effect" that

could have reasonably been expected to flow from the Court's Order denying the Motion to Dismiss.

 As the Court of Appeals noted when remanding this case, "[t]he determination [of whether to grant vacatur] is an equitable one" that "depend[s] heavily on the circumstances." (Doc. No. 114 at 5.) For the reasons stated above, the circumstances here did not, in this Court's view, warrant vacatur of the Order denying Blue Cross's Motion to Dismiss.

The Clerk of the Court is **DIRECTED** to transmit a copy of this Memorandum Opinion to the Clerk of the United States Court of Appeals for the Eighth Circuit.

---

**3.** Indeed, this is why Blue Cross sought, in the alternative to vacatur, an order certifying for appeal the decision denying dismissal of the ADA claim. (*See* Doc. No. 98.)