**Leonard Stuart LEVY, et al., Plaintiffs,**

v.

**William WEKSEL, et al., Defendants.**

**Nos. 85 Civ. 0990 (VLB), 85 Civ. 0991 (VLB), 85 Civ. 1369 (VLB) and 85 Civ. 7063 (VLB).**

United States District Court,
S.D. New York.

Sept. 7, 1992.

Jacobs Persinger & Parker, New York City.

Richard J. Kilsheimer, Kaplan & Kilsheimer, New York City.

Mitchell A. Karlan, Gibson, Dunn & Crutcher, New York City.

Howard A. Ellins, Sharon Katz, Davis Polk & Wardwell, New York City.

Daniel A. Pollack, Pollack & Kaminsky, New York City.

Steven E. Greenbaum, Berlack, Israels & Liberman, New York City.

Sanford P. Dumain, Milberg Weiss Bershad Specthrie & Lerach, New York City.

Joseph S. Allerhand, Weil, Gotshal & Manges, New York City.

Anthony J. Ferrara, Polstein & Ferrara, New York City.

Bleakley & Schmidt, White Plains, N.Y.

Dornbush Mensch Mandelstam & Silverman, New York City.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Defendants William Weksel and Albert Bromberg (the "management defendants") have moved for summary judgment in these cases involving alleged fraud in connection with the conduct of business by Information Displays, Inc. ("IDI"), and have requested a pretrial ruling that testimony of the plaintiff Leonard Stuart Levy ("Levy") now classified as confidential under a protective order, be available to them at trial. Defendant Oppenheimer & Co. ("Oppenheimer") has moved for summary judgment dismissing Levy's remaining federal claims against it.

Plaintiffs in these cases include Levy, who engaged in a successful initially hostile effort to take over IDI, together with Mrs. Levy and her trust (sometimes collectively the "Levy plaintiffs"), and IDI itself as represented by its Trustee in Bankruptcy.

For reasons discussed below, all claims of the Levy plaintiffs and cases in which they are the sole plaintiffs are placed on

the suspense calendar, which will stay all further proceedings with respect to such claims and cases until further order (including the disposition of Oppenheimer's motions with respect to claims of the Levy plaintiffs), except that motions not yet made but specifically permitted by § 9 of the order of June 16, 1992 [1] may be filed but will not be decided until the suspense status is modified or vacated.

The motion for summary judgment of the management defendants, insofar as it relates to the claims of the IDI trustee, is denied. The application of the management defendants for a pretrial ruling as to the availability of testimony of Levy is denied without prejudice to its renewal at trial. The management defendants' motion summary judgment as to claims of the Levy plaintiffs is denied, with direction that the clerk hold the papers for consideration in connection with issues raised under FRCP 11 when the suspense status of the Levy plaintiffs' claims is vacated. The management defendants may make a further motion for summary judgment as to the claims of the Levy plaintiffs only as described below.

## I

As originally filed, these cases involved claims by the Levy plaintiffs and IDI (now represented by its trustee) against the management defendants as former executives of IDI and allegedly the masterminds of the asserted frauds, and also against a large number of more peripheral parties including trading partners of IDI, accountants, outside directors, securities firms, and attorneys for IDI.

Extensive discovery followed by several motions for summary judgment resulted in dismissal of those claims which were addressed by such motions other than those against the management defendants, for reasons given on the record and as reflected in an order signed June 16, 1992.

In dismissing the challenged claims other than those against the management defen-

dants, I found that evidence submitted suggested the possibility of a scheme to inflate the price of IDI stock, which may have injured nonparties. But I also found that there was no evidence before me that the non-management defendants did anything which would support valid claims against them which could be asserted by the Levy plaintiffs or by IDI (now represented by its Trustee).

I noted that Levy, in seeking to take over IDI, proceeded at arms' length. The Levy plaintiffs had no direct dealings with non-management defendants prior to purchasing stock in IDI. The management defendants, by contrast, had direct dealings with Levy prior to his purchase of IDI stock. Moreover, the claims of the Levy plaintiffs and of the Trustee against the management defendants are based on allegedly improper activities during periods when the latter were key policymaking executives of IDI.

On July 22, 1992 the law firm of Jacobs Persinger & Parker filed a motion on behalf of the management defendants for summary judgment. The motion papers consisted of 15 pounds of papers, submitted under seal pursuant to a protective order of September 13, 1985. I have received correspondence from Jacobs Persinger & Parker with respect to this motion indicating that the motion papers contain three (3) pages of testimony by plaintiff Levy at a deposition noticed by Levy's former counsel, designated as confidential pursuant to the September 13, 1985 protective order.

Because these three pages are mentioned in various places in the papers, counsel for the management defendants have chosen to designate the entire present motion, memorandum of law, and affidavits as covered by the protective order. Counsel for the management defendants assert that the "motion can be decided without any reference *in the decision* to the contents of the three pages ..." Letter of I. Michael Bayda, July 31, 1992 (emphasis added).

---

**1.** "9. ... within 30 days of availability of the transcript ... a consolidated motion may be made ... on behalf of any defendants wishing

to join in it, based on the consequences of other litigation involving plaintiff Leonard Stuart Levy."

The management defendants thus expect the court to consider—but not to mention—the content of the three pages and to keep the entire motion confidential from the public, contrary to the principle of the openness of the judicial decision-making function.

A sharp distinction has been drawn between rulings concerning confidentiality of *discovery* materials and documents under protective orders, and rulings on the merits of the underlying litigations themselves based on secret submissions on the other. See generally *In re New York Times Co.*, 828 F.2d 110 (2d Cir.1987); *In re CBS*, 828 F.2d 958 (2d Cir.1987). Once material is used in the judicial decisionmaking function on the merits of controversies (beyond *in camera* decision as to the status, use or producibility of material, e.g., *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 [1989]), it must absent extraordinary circumstances be open to public inspection; circumstances such as risk to the safety of one or more persons, or threats to the availability of a fair trial as vouchsafed by due process guarantees, were the material revealed. See *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653 (3d Cir.1991).

Without such routine exposure to the sunshine of public scrutiny, what is sometimes called the "least dangerous branch" [2] might tend to acquire or to appear to acquire unfortunate aspects of the Star Chamber courts of old, contrary to the spirit of the First Amendment, Article III, and the public trial concept specifically vouchsafed in criminal cases by the Sixth Amendment but relevant in civil cases as well. Indeed Article 10 of the United Nations Universal Declaration of Human Rights, the development of which was led by the United States and which was adopted by the General Assembly on December 10, 1948, states:

"Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations...."

No justification for the equivalent of a closed trial has been established in this civil securities fraud case.

On December 31, 1986, while this litigation was still in a discovery rather than an adjudication stage, United States Magistrate Michael H. Dolinger denied a defense application to unseal information in the Levy deposition because of pending criminal matters involving Levy. Levy, the Magistrate found, was entitled to insist that the protective order concerning his deposition testimony remain in effect even though § 6 of the protective order in this litigation permits the court to declassify material such as the deposition testimony of Mr. Levy, which was unilaterally designated confidential by the parties.

I am not inclined to re-examine the Magistrate's carefully reasoned 1986 decision. But for Levy to insist that his relevant testimony remain sealed during adjudication on the merits of his claims and the claims of those acting in concert with him at the time of the conduct in dispute, because of possible impact of this testimony in connection with criminal matters involving Levy, would be closely akin to invocation of the privilege against self-incrimination in a civil case.

An adverse inference may be drawn from such conduct. See *Brink's v. City of New York*, 717 F.2d 700 (2d Cir.1983); *RAD Services v. Aetna Casualty & Surety Co.*, 808 F.2d 271 (3d Cir.1986); Heid, *The Conjuror's Circle—The Fifth Amendment Privilege in Civil Cases*, 91 Yale L.J., 1062 (1982). An inference of this type, however, would not resolve the dilemma presented by the present motion, since such an inference would not by itself lead to dismissal of challenged claims as sought by the pending motions for summary judgment. See *Pagel, Inc. v. SEC*, 803 F.2d 942 (8th Cir. 1986); *United States v. Local 560, IBT*, 780 F.2d 267 (3d Cir.1985), *cert. denied* 476 U.S. 1140, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986); Fendler, *Waive the Fifth or Lose the Case: Total Preclusion Orders and the Civil Defendant's Dilemma*, 39 Syracuse L.Rev. No. 4 at 1161 (1988) (analogous

---

**2.** See A. Bickel, *The Least Dangerous Branch* (1962).

even though focusing on the increased dilemma of *defendants* in that position).

Thus it presently appears that the merits cannot fully be determined at trial or on motion without consideration of material which Levy has designated as confidential and which the Magistrate has ruled should remain so unless conditions have been shown to have changed. The claims of the Levy plaintiffs must therefore be placed on suspense until some reason for removing these claims from the suspense calendar is shown by one or more parties, i.e. the Levy plaintiffs consent to removal of the confidential classification from all potentially relevant Levy deposition testimony; a proper showing is made that the confidential status of Levy's testimony should be removed pursuant to § 6 of the protective order of September 13, 1985 due to changed circumstances not before Magistrate Dolinger on December 31, 1986;[3] or a satisfactory showing is made that the case can be adjudicated on the merits without use of such testimony. See generally Note, "Using Equitable Powers to Coordinate Parallel Civil and Criminal Actions," 98 Harv.L.Rev. 1023 (1985).

## II

Oppenheimer's motion for summary judgment with respect to Levy's remaining federal claims against it does not specifically rely upon the testimony designated as confidential under the protective order. But such testimony may be relevant to the disposition of Oppenheimer's motion, which is based in large measure on the suggestion that Levy could not reasonably have relied on various documents concerning IDI for which Oppenheimer is claimed to bear responsibility. Levy's overall conduct as an investor in securities would appear pertinent to whether or not it "makes ... sense"[4] for him to assert a genuine issue of material fact concerning possible reliance on such documents. Under these circumstances it would be inappropriate to adjudicate Oppenheimer's pending motion for summary judgment addressed to the remaining Levy federal claims without being able to examine (and permit the public to have access to) such relevant information.

## III

In concluding that it is necessary to place on suspense the Levy plaintiffs' claims, and cases as to which the Levy plaintiffs are the sole plaintiffs, I recognize the dilemma faced by counsel for the management defendants: they must support their motion for summary judgment without reference to the testimony of Levy which has been classified as confidential under the protective order of September 13, 1985 and Magistrate Dolinger's decision of December 31, 1986. I do not, however, condone or permit to remain pending the present motion of the management defendants for summary judgment, the bulk of the content of which is obviously not confidential. Absent justification not present here, appropriate case management counsels against acceptance for consideration of papers of this nature.

Moreover, the application to seal the entire present motion of the management defendants for summary judgment—it consists of some hundreds of pages weighing approximately 15 pounds—because of pres-

---

**3.** Levy's reasons for asking the court to maintain secrecy might become moot if time has made the information provided by Levy's deposition testimony independently available to those investigating or prosecuting any criminal matters, through resolution of all relevant criminal cases involving Levy, or because of other events.

**4.** *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) held summary judgment appropriate where a claim was "implausible ... one that simply makes no economic sense," and claimants under those circum-

stances failed to "come forward with more persuasive evidence to support their claim than would otherwise be necessary."

While *Matsushita* considered a predatory pricing claim, the same concept applies with regard to other types of claims if such claims are "implausible." Indeed, hearings to test assertions relied upon to create issues of material fact (which did not require evaluation of the credibility of witnesses) were specifically approved in *Argus v. Eastman Kodak Co.*, 801 F.2d 38, 42 n. 2 (2d Cir.1986), *cert. denied* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987).

ence of three (3) confidential pages and references the moving counsel has chosen to make to these three pages,[5] constitutes a certificate under FRCP 11 that the entire motion and all or practically all of the supporting material are validly confidential—a claim obviously contrary to ordinary experience and not pursued in the correspondence of counsel.

The present motion is thus denied without reaching its merits. The papers submitted by the management defendants under seal will be retained by the clerk for the purpose of ultimate evaluation of the FRCP 11 question presented, which will be considered after the Levy claims against the management defendants have been disposed of on the merits.

If the management defendants elect to make a further motion for summary judgment after the Levy plaintiffs' claims are removed from the suspense calendar, their counsel is directed

(1) to request a pre-motion conference pursuant to my individual rules of practice (§ 6.1) for the purpose of seeking leave to make such motion, a step neglected by counsel for the management defendants in the present instance, and

(2) to address at that time the timeliness of such motion, given the fact that the same defendants had already made motions for summary judgment which were ruled upon in the order of June 16, 1992.

### IV

The management defendants have asked for a ruling that the confidential Levy deposition material be available to them at the trial of any claims of the IDI Trustee as well as of the Levy plaintiffs. This application is denied without prejudice to renewal if appropriate at trial. What issues will remain to be tried cannot now be evaluated.

### V

To the extent the management defendants' present sealed motion for summary judgment may relate to claims of the IDI Trustee, it is denied for the following reasons:

(a) A sealed motion for summary judgment labelled by the moving parties as confidential in its entirety because of the presence of three deposition pages will not properly be entertained for reasons discussed above.

(b) Motions of the presently moving management defendants as to the IDI Trustee's claims were adjudicated on the record as recited in an order signed June 16, 1992 as follows:

"7. The motions of defendants William Weksel and Albert Bromberg to dismiss certain claims against them asserted by the trustee in bankruptcy of Information Displays, Inc. are denied."

As noted earlier, the June 16, 1992 order did go on to recite that: "... [A] consolidated motion may be made within the same time period on behalf of any defendants wishing to join in it, based on the consequences of other litigation involving plaintiff Leonard Stuart Levy."

However, a motion addressed to claims of the Trustee cannot be based on litigation involving Levy inasmuch as the conduct of the management defendants toward IDI, not toward Levy, is the basis of the Trustee's claims. Since the Trustee's claims against the management defendants do not depend on any conduct of Levy, any summary judgment motions addressed to the Trustee's claims amount to improper relitigation of the ruling reflected in item 7 of the June 16, 1992 order quoted above.

SO ORDERED.

---

**5.** Affidavits supporting the present motion for summary judgment might properly identify the deposition pages submitted, but could hardly properly contain other statements about them unless the affiant has relevant personal knowl-

edge about the process of the taking of the testimony. There is no assertion that independent knowledge to which any affiant provided in connection with the pending motion is subject to the protective order.