Robert CHAMBERS, Plaintiff,

v.

CAPITAL CITIES/ABC, Daniel Burke, and Robert Callahan, Defendants.

No. 93 Civ. 6461 (VLB).

United States District Court, S.D. New York.

March 14, 1994.

Order Granting Reconsideration and Supplementing Decision March 29, 1994.

John F. Carney, Carney & McKay, Pelham, NY, for plaintiff.

Dennis A. Lalli, Kauf, McClain & McGuire, New York City, for defendants.

Neil M. Corwin, David B. Goldin, Office of Corp. Counsel, New York City, for amicus curiae City of New York.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This suit involves a complaint under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("Age Discrimination Act") and pendent state claims brought by a former managerial employee of a media conglomerate. The case was referred to United States Magistrate Judge Mark D. Fox for supervision of discovery. Both parties have objected to various aspects of the Magistrate Judge's initial discovery rulings. These rulings may be overturned only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Construing the Magistrate Judge's rulings as not foreclosing subsequent applications for further discovery if warranted by further information then available, there is no basis for finding any of the rulings either clearly erroneous or contrary to law. The objections are accordingly overruled.

### II

Defendants have objected to discovery concerning personnel practices in corporate entities other than plaintiff's direct employer. Defendants ask the court to make the assumption without submission of adequate proof tested by discovery or cross-examination that the employing subsidiary's personnel practices were managed entirely separately and not as part of overall decisions made by any parent entity or in conjunction with other parts of the corporate structure. Seeking to impose this kind of straitjacket on discovery based on untested assumptions amounts to a bootstrap argument.

It may or may not turn out that the direct employing entity in this case is the true decisionmaking entity. Substance, not form controls in such matters. See *Lowen v. Tower Asset Management,* 653 F.Supp. 1542, 1551–56 (S.D.N.Y.) *aff'd* 829 F.2d 1209 (2d Cir.1987); *United States ex rel. RIM Plumbing v. Freedom Plumbing,* 802 F.Supp. 1013 (S.D.N.Y.1992); *Harverstraw Associates v. Rednel Tower,* 90 Civ 2548, 1992 WL 131039, 1992 US Dist LEXIS 7926 (S.D.N.Y.1992); 1 W. Fletcher, *Cyclopedia of Corporations* § 44 (rev. perm. ed. 1983).

No authority has been cited suggesting that it must first be determined that a corporate veil should be pierced prior to discovery to determine whether or not it is appropriate.

Facts should not be evaluated in a tightly confined way but by looking at the entire relevant picture. See *Continental Ore Co v. Union Carbide & Carbon Corp,* 370 U.S. 690, 707, 82 S.Ct. 1404, 1414, 8 L.Ed.2d 777 (1962); *FTC v. Sterling Drug,* 317 F.2d 669, 674 (2d Cir.1963) (the "entire mosaic should be viewed rather than each tile separately"); Tushnet, "Book Review," 82 Colum.L.Rev. 1531 (1982) (discussing concept of "disaggregation" of facts).

Defendants' position runs counter to Fed. R.Civ.P. 26(b)(1), sentence 2 as restated in the 1993 amendments to the Federal Rules, which provides:

The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

See also *Epstein v. Epstein,* 1993 WL 525115 (S.D.N.Y. 12/13/93); *Murray International v. New York Telephone Co.,* 1993 WL 82531, 1993 US Dist LEXIS 4921 (3/17/93).

### III

While defendants object to virtually any discovery concerning related corporate entities not the titular employer, plaintiff has objected to the Magistrate Judge's refusal to grant the full scope of discovery requested. Plaintiff seeks information extending beyond the directly employing entity, including specifically the following item:

All documents referring to every discharge, involuntary transfer and/or demotion, reassignment, resignation, and/or retirement, from 1990 to present of a management level employee, and with regard to each employee, including their personnel files, internal investigations prepared as part of defendants' routine personnel practices, and subsequent communications with the employee and his representative.

Discovery of the scope sought by the plaintiff and denied by the Magistrate Judge would be extensive and necessarily burdensome, especially to the extent covering all entities remotely related to the employing one. Some or all of plaintiff's currently disallowed requests may be justified if (a) there were significant indications that the entities involved had in fact been involved in relevant conduct, (b) problems of adequate protection of privacy of innocent employees whose records are sought could be provided, and (c) the scope of the requests were tailored to the needs of the case.

Plaintiff seeks to deal with the point (a) above by stating without attaching any documents or other sources that an executive of the defendant entities had made statements, some public, from which one might infer that age discrimination was a corporate policy. No such evidence has been provided. There is no reason to assume that if it were, the Magistrate Judge would decline to revisit his current disposition not to grant staged discovery subsequent to that initially required.

Point (b) appears not to have been recognized at all and must be considered before discovery of the type requested would be appropriate. See generally *United States Dept of Defense v. FLRA*, —— U.S. ——, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994); *NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *ACLU v. Mississippi*, 911 F.2d 1066 (5th Cir.1990); *Courier Journal v. Marshall*, 828 F.2d 361 (6th Cir.1987); *Bogan v. Northwestern Mutual Life*, 144 F.R.D. 51 (S.D.N.Y.1992).

Evaluation of point (c) calls for a balancing of need for and burden of discovery under Fed.R.Civ.P. 26(c). Plaintiff cites *Hollander v. American Cyanamid*, 895 F.2d 80, 84 (2d Cir.1990) in support of his claim for entitlement to all of the records mentioned, but that case involved material far less extensive and intrusive than that sought here, embracing only a request to:

Identify each management level employee who has terminated employment ... since [a given date] and who at the time ... was over the age of 40, stating as to each the reason or reasons for termination ...

### IV

Initial discovery can establish the need for additional discovery not otherwise appropriate. See *Guzman v. Vega*, 1993 WL 535543, 1993 US Dist LEXIS 18368 (S.D.N.Y.1993).

The possibility that initial discovery will have that effect cannot, however, ordinarily be assumed in advance of the event. Judge Fox wisely expressed lack of interest in authorizing phased discovery at this stage, prior to a showing of need. If and when initial discovery shows the need for further information, I have every confidence that the Judge Fox will entertain any relevant request at that time.

SO ORDERED.

### MEMORANDUM ORDER

March 29, 1994

### I

This suit involves a complaint under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("Age Discrimination Act"), and pendent state claims brought by a former managerial employee of a media conglomerate. The case was referred to United States Magistrate Judge Mark D. Fox for supervision of discovery. Judge Fox required defendants to respond to discovery requests dealing with the defendant parent company as well as with the subsidiary which was plaintiff's direct employer, but limited the content of some of plaintiff's discovery requests.

Defendants objected to the inclusion of the parent company defendant among the *recipients* of plaintiff's discovery requests, claiming that only the subsidiary which was the direct employer of plaintiff should be covered.

Plaintiff objected to limitations on the *scope* of his discovery requests, which Judge Fox found too sweeping.

The rulings of the Magistrate Judge are binding unless found "clearly erroneous or contrary to law" under 28 U.S.C. § 636(b)(1)(A). Those rulings were upheld and the objections of both parties overruled by memorandum order dated March 14, 1994 (the "March 14 order").

## II

■ Defendants have moved for reconsideration, asserting that only plaintiff's direct employer, not the parent company even though it was the original sole named defendant, should be subject to discovery. Defendants claim that discovery from the parent company will require

> ... searching thousands of files, interviewing executives for explanations of the often cryptic references in personnel jackets, ferreting out reasons why particular "managers" ... separated from the Company ...

and that such requirements will be expanded

> to the approximately 4,800 ABCTN [parent company] employees located all over the world ...[1]

Defendants appear to believe that the restrictions on the *scope* of plaintiff's discovery requests set forth in Judge Fox's rulings and reaffirmed in the March 14 order are not applicable to discovery requests by plaintiff to the parent company. Any such assumption is incorrect. Discovery of the scope sought by plaintiff and held premature by the March 14 cannot be imposed upon *any* of the defendants unless and until further relevance is established.

Judge Fox did not rule that defendants can be required to undertake the steps quoted by defendants which they fear they will be required to pursue. To the contrary, Judge Fox merely held that defendants must *respond* to discovery requests regarding the defendant parent as well as the defendant subsidiary. Although not a vehicle for seeking reconsideration of rulings already made (such as that the parent company is entirely exempt from responding to any discovery requests), the response to a document request under Fed.R.Civ.P. 34(b) permits specific objections to be made to any unduly burdensome aspects of a request. If the particular requests are in fact burdensome in specific ways and the resulting dispute cannot be resolved between counsel, relief can be requested from the Magistrate Judge.

Fed.R.Civ.P. 34(b), paragraph 3 also allows a producing party to provide documents in the manner requested, or in the alternative to permit inspection of materials on site without collation, as kept in the usual course of business without editorial comment, categorization, or explanation. If any of the raw information is confidential, a protective order can be negotiated or requested.

Judge Fox has never been asked to consider in a concrete context any of the potential burdens quoted above. Instead, he declined to issue the equivalent of a motion *in limine* barring all requests to the parent company, regardless of burden or its lack, unless proof was previously submitted showing that personnel of the parent company concerning which discovery was sought were similarly situated to plaintiff. Such information may be critical before *burdensome* discovery such as that foreseen by defendants would be ordered, but its absence at the outset can hardly bar *any* discovery from the parent company. Such a position would be profoundly contrary to the language and purpose of Fed.R.Civ.P. 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

This language was left unaltered and hence reaffirmed in the course of the major overhaul of Rule 26 in connection with the 1993 amendments to the Federal Rules.

---

1. It is unclear whether defendants mean that 4,800 managers are involved in the discovery request, or that this is the total number of employees and that defendants cannot categorize them accurately as managers or non-managers.

## III

Deposition testimony or other proof that decisions relevant to the alleged age discrimination against plaintiff were made at the parent company level would be necessary to support discovery of the scope and intrusiveness sought from the parent company and other entities by plaintiff and rejected by the Magistrate Judge. Defendants, however, press for a blanket advance ruling barring any discovery from the parent company, asserting that they have "cited ample authority in support of" that position, referring as their prime example to *Brown v. American Honda Motor Co.*, 939 F.2d 946, 954 (11th Cir.1991). In that case the Eleventh Circuit held that the district court did not err in denying a request to reopen discovery nearly a year after it was closed, where the entity involved "operates on the opposite end of the industry spectrum."

 *Brown* states that "particularized need and relevance" is needed for discovery beyond the employing entity in an age discrimination case. In the instant case, the lawsuit was initially filed against the parent company; plaintiff's requests are facially relevant to that aspect of the complaint and to possible discovery of admissible evidence as required by Fed.R.Civ.P. 26(b). This is enough to permit requests to be addressed to the parent company, which is all that the Magistrate Judge held and which was challenged by the defendants' objections that were overruled in the March 14 order.

The more "particularized need and relevance" that can be shown as a result of initial deposition or other discovery, the more detailed the inquiry may be permitted to become; contrariwise if little is found, a burdensome search may be inappropriate.[2]

This approach is supported by the sole case decided by courts in this district cited by defendants, *Allen v. Colgate–Palmolive Co.*, 539 F.Supp. 57, 70–71 (S.D.N.Y.1981). Like the present case, *Allen* involved an age discrimination claim by a former manager. The court required a further showing of relevance in regard to non-managers or out-of-state employees before the employer "is required to produce *all of the files requested.*" (emphasis added). The *Allen* approach is precisely that followed here: additional relevance must be shown before discovery of the scope initially barred by the March 14 order can be obtained from any of the defendants except upon consent.

The *Allen* approach and that adopted here is in accord with the implications of *Leatherman v. Tarrant County*, ―― U.S. ――, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), indicating that the Federal Rules of Civil Procedure are equally applicable to all kinds of suits, and that statute-specific procedural rules not set forth in the substantive statute involved cannot be created where to do so would destroy the uniformity which the Federal Rules of Civil Procedure sought to establish. No separate restrictive discovery rules can be imposed on particular types of cases; to do so would tend to defeat the purposes of the Federal Rules.

## IV

Defendants' motion for reconsideration of the March 14 order is granted, and that order is supplemented by adding to it the explanations set forth above, and so modified it is reaffirmed. In view of the interpretation of Judge Fox's rulings set forth in the March 14 order as supplemented, no prejudice to defendants appears to exist; the Magistrate Judge's rulings are not clearly erroneous or contrary to law, and defendants' objections to them are again overruled.

SO ORDERED.

2. In seeking to preclude discovery from the parent company, defendants make what the memorandum order dated March 14, 1994 referred to as a "bootstrap" argument: if defendants' position were accepted, to a significant extent evidence of an overall pattern involving the parent company can only be sought after evidence of it is already obtained.

Defendants deny invoking a corporate veil as a barrier to discovery. Although they do not use the word, the effect is to invoke such a veil as a barrier to discovery against the parent company unless a case for its involvement in the alleged illegal activity is already significantly even if not completely developed. Such a result is contrary to Fed.R.Civ.P. 26.