**CHEMICAL BANK, Plaintiff,**

v.

**AFFILIATED FM INSURANCE COMPANY, Defendant.**

No. 87 Civ. 0150 (VLB).

United States District Court, S.D. New York.

April 7, 1994.

Michael S. Davis, Zalkin Rodin & Goodman, New York City, for Chemical Bank.

John M. Toriello, Glenn J. Winuk, Haight, Gardner, Poor & Havens, New York City, for Banque Paribas, European American Bank.

Robert S. Fischler, Winston & Strawn, New York City, for National Westminster Bank USA.

Paul J. Giacomo, Tenzer, Greenblatt, Fallon & Kaplan, New York City, for Andina Coffee, Inc., Andina Trading Corp.

David G. Keyko, Maurice W. Heller, Winthrop, Simpson, Putnam & Roberts, New York City, for American Exp. Bank.

Franklin M. Sachs, Podvey, Sachs, Meanor, Catenacci, Hildner & Cocoziello, New York City, for defendant Affiliated Ins. Co.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

These cases involve claims by several banks against an insurer based upon maritime insurance, held in *Chemical Bank v. Affiliated FM Ins. Co.*, 815 F.Supp. 115 (S.D.N.Y.1993) to provide coverage to protect against fraudulent bills of lading.[1]

On June 30, 1987, pursuant to stipulation, I issued a protective confidentiality order, and pursuant to stipulation I issued a further confidentiality order on February 13, 1990.

---

1. See also *Chemical Bank v. Affiliated FM Ins. Co.*, 151 F.R.D. 546 (S.D.N.Y.1993); *Chemical Bank v. Affiliated FM Ins. Co.*, 1994 WL 31413 (S.D.N.Y.1994).

These orders precluded revelation of documents designated by a party as confidential except as provided in the orders.

In 1992 counsel for the defendant Affiliated FM Insurance Company ("Affiliated") approached the Manhattan District Attorney's Office suggesting that it had evidence of criminal violations relating to the case. A Grand Jury subpoena was issued. Some confidential documents were produced by the defendant without complying with any of the specific procedures or exceptions provided in the orders. The District Attorney was not advised of the confidentiality orders.

## II

By order of January 19, 1994 United States Magistrate Judge Kathleen A. Roberts certified the above facts and required Affiliated to show cause why it should not be held in contempt. I conclude that:

(a) Affiliated acted contrary to the confidentiality orders by not seeking court approval (on an *ex parte* basis if justified) for revealing the confidential data;

(b) absent a showing of reasons not made here, the court would upon proper application have authorized turnover of the material involved to the District Attorney for any significant and proper criminal investigation and hence no prejudice to any legitimate interests of plaintiffs has occurred;

(c) contempt sanctions are not necessary, but criticism of Affiliated's behavior is appropriate for not requesting approval of submission of the documents, or for not challenging the orders before ignoring them; and

(d) the appropriateness of an adverse inference against Affiliated on the merits may be considered at the time of trial.

## III

■ The protective orders in the present case do not explicitly refer to disclosures to law enforcement authorities. But such orders do ordinarily require formal judicial approval before their text is violated even for

law enforcement purposes, in order to promote the objectives of Fed.R.Civ.P. 26(c) by avoiding reckless disregard of expectations of confidentiality under such orders; even a purely informal request for judicial approval is insufficient respect for the importance of protective orders in encouraging discovery. See *In re Grand Jury Subpoena*, 1 F.3d 87, 94 n. 4 (2d Cir.1993); *Martindell v. IT & T*, 594 F.2d 291 (2d Cir.1979).

■ Self-help interpretation of protective orders contrary to their plain meaning is inappropriate. No emergency justified Affiliated in bypassing the obvious availability of the court to hear an application. Compare *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964); *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir.1983); *United States v. Zucco*, 694 F.2d 44, 46 (2d Cir.1982) (importance of obtaining search warrant from neutral magistrate where effort is not precluded by exigent circumstances).

There was no impediment preventing Affiliated from seeking formal judicial approval on notice to the adversary—or *ex parte* if sufficient reason for doing so was shown [2]— prior to its effort to interest the District Attorney in and then producing the information in its possession. Affiliated could also have challenged or moved to amend the protective orders if appropriate.

Affiliated's disregard of the orders—to which it had agreed in the first instance— was thus entirely unnecessary and inappropriate. Such behavior must be and is disapproved. See *Roberts v. Lyons*, 131 F.R.D. 75 (E.D.Pa.1990). It is also contrary to the traditions of the Bar which dictate that court orders be respected. See Canon 25, Canons of Professional Ethics.

## IV

Had the proper request been made, there is no reason to assume that provision of the

---

**2.** See *Connecticut v. Doehr*, 501 U.S. 1, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991); *In re Vuitton S.A.*, 606 F.2d 1 (2d Cir.1979); *Little Tor Auto Center v. Exxon USA*, 822 F.Supp. 141 (S.D.N.Y.1993);

Committee on State Courts of Superior Jurisdiction, "Special Term, Part II," 33 Record Ass'n Bar City NY 422, 434 (1978).

documents involved to the District Attorney would have been refused.

The role of the federal courts in law enforcement, exemplified by the Federal Criminal Code (Title 18, USC) and in enforcing Grand Jury subpoenas argues in favor of making significant information available to enforcement authorities absent a countervailing showing that the need for the information for such purposes is outweighed by the need for protecting expectations of confidentiality under Fed.R.Civ.P. 26(c). *United States v. Davis*, 702 F.2d 418, 421–22 (2d Cir.1983).

The federal courts are an integral part of a unitary structure seeking both fair and effective law enforcement, in which the state courts and state authorities also participate. As explained in *The Federalist* No 82 (Hamilton), we should consider "the State governments, and the national government, as they truly are ... as parts of ONE WHOLE ..." [3] Thus similar proper requests by state authorities would be honored absent circumstances such as pendency of an overlapping federal investigation. No reason why it would be improper to authorize the District Attorney to examine the material at issue here, had judicial approval been requested, has been suggested.

■ Avoiding embarrassment may be a reason for a party to seek confidentiality. It is not by itself a valid reason for courts to uphold confidentiality as against a legitimate law enforcement need for the information. Courts must honor restrictions laid down by the Fourth or Fifth Amendment or applicable statutes. But aside from those restrictions, hiding possible criminal violations from law enforcement authorities is hardly a ground for judicial protection of confidentiality.

There is no indication that any difficult balancing under Fed.R.Civ.P. 26(c) would have been necessary of interests of law enforcement against protection of technological trade secrets, currently sensitive customer lists, or contemporarily sensitive competitive information which could benefit rivals,[4] since no such information has been claimed to have been contained in any of the discovery material in this case.

■ When discovery material is classified as confidential by the parties, their classification is not binding on the court. The risk of disclosure is well known to the Bar, in part because disclosure may be required where such information is needed for judicial decisions, to the basis for which the public should have access. See *In re New York Times*, 828 F.2d 110 (2d Cir.1987); *In re CBS*, 828 F.2d 958 (2d Cir.1987); *Westmoreland v. CBS*, 752 F.2d 16, 22–23 (2d Cir.1984), *cert. denied* 472 U.S. 1017, 105 S.Ct. 3478, 87 L.Ed.2d 614 (1985); *In re NBC*, 635 F.2d 945, 949 (2d Cir.1980); *Levy v. Weksel*, 143 F.R.D. 54 (S.D.N.Y.1992).

■ Affiliated's disregard of the need for seeking judicial modification of the protective orders, while censurable and not harmless (see Fed.R.Civ.P. 61), is not comportment which it would further the objectives of Fed. R.Civ.P. 1 (the "just, speedy and inexpensive" determination of every action) to pursue as a contempt. Affiliated's conduct may, as set forth in part V below, support an adverse inference on the merits in certain circumstances.

## V

■ An adverse inference against a party may be drawn when its litigation conduct is such that a factfinder could infer that attempts to interfere with pursuit of the merits were made because of the party's awareness of weakness of its position. The most common situation in which such inferences are justified arises when relevant information is withheld, suppressed or destroyed. See *Interstate Circuit v. United States*, 306 U.S. 208, 225–26, 59 S.Ct. 467, 474, 83 L.Ed. 610 (1939); *Caminetti v. United States*, 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442

---

3. See *Rodriguez v. Westhab*, 833 F.Supp. 425 (S.D.N.Y.1993); see also *Brown v. County of Westchester*, 840 F.Supp. 25 (S.D.N.Y.1993).

4. See *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); see also *Great Atlantic & Pacific Tea Co v. FTC*, 440 U.S. 69, 99 S.Ct. 925, 59 L.Ed.2d 153 (1979).

(1917); *Brink's, Inc. v. City of New York*, 717 F.2d 700 (2d Cir.1983).

In the present case, the circumstances at trial may or may not suggest that Affiliated contacted the District Attorney without seeking judicial approval, not in order to perform a public service or duty, but in order to discomfit adversaries in the present litigation, thereby making it less likely that the merits of the present litigation would be reached. See *Bouzo v. Citibank*, 1993 WL 525114, 1993 U.S.Dist. LEXIS 17746 (S.D.N.Y.1993). An adverse inference, if found to be appropriate, would be made in aid of proper factfinding on the merits, not as a contempt sanction to vindicate the authority of the court. See generally *Gray v. Great American Recreation Ass'n.*, 970 F.2d 1081, 1082 (2d Cir.1992); *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir.1988); *Fera v. Roche*, 147 F.R.D. 58 (S.D.N.Y.1993); *Rivera v. O'Neill*, 146 F.R.D. 93 (S.D.N.Y.1993).

SO ORDERED.