**3**

Robert CHAMBERS, Plaintiff,

v.

CAPITAL CITIES/ABC, Daniel Burke, and Robert Callahan, Defendants.

No. 93 Civ. 6461 (VLB).

United States District Court, S.D. New York.

July 25, 1994.

John F. Carney, Carney & McKay, Pelham, NY, for plaintiff.

Dennis A. Lalli, Kauf, McClain & McGuire, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

■ This appeal (more properly considered as an objection) raises the question of whether or not a United States Magistrate Judge may, in the course of supervising discovery, condition a direction for expedited production of documents upon a temporary restriction barring counsel receiving the papers from showing them to anyone else, including the client, until the proper treatment of the items is sorted out later.

As set forth in greater detail below, plaintiff in this age discrimination case has requested documents from defendants which the Magistrate Judge directed be provided on an expedited basis; the Magistrate Judge directed that they be so produced but on condition that until further order plaintiff not reveal their contents to anyone including his client. Plaintiff objects to the Magistrate Judge's decision.

I conclude that the Magistrate Judge may adopt such an interim arrangement.

Flexibility in managing the expedited document discovery authorized by Fed.R.Civ.P. 34(b) and similar provisions for deposition and other discovery under Fed.R.Civ.P. 30(a)(2)(C), 31(a)(2)(C) and 33(a) is crucial to the workability of accelerated disclosures when needed. Deferment of disputes concerning controversial potential uses of information is vital to immediate production for purposes that are not disputed. Such a method is appropriate provided there is an opportunity to present for adjudication at a

subsequent reasonable time any issues counsel have not been able to resolve among themselves despite efforts to do so as called for by Fed.R.Civ.P. 37(a)(2). This opportunity exists in the present case.

## II

The underlying litigation involves a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("Age Discrimination Act") and pendent state claims brought by a former managerial employee of a media conglomerate. The case was referred to United States Magistrate Judge Mark D. Fox for supervision of discovery.

On May 4, 1994 Judge Fox directed defendants to provide plaintiff's counsel on an expedited basis with specified documents which defendants claimed were confidential, while directing plaintiff's counsel not to divulge their contents to anyone including the plaintiff. Plaintiff has objected to the latter branch of Judge Fox's ruling. The ruling may be overturned only if the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(a).

## III

In its memorandum of law dated June 16, 1994, defense counsel has indicated that in its view Judge Fox's order "simply held that documents [to be produced by defendants] should not be withheld from discovery while arguments concerning confidentiality are resolved, and that instead they should be in possession of plaintiff's counsel."

In view of defendant's recognition as expressed in its memorandum that the super-confidentiality now challenged is temporary and is effective only "while arguments concerning [continuing] confidentiality are resolved," it would appear that plaintiff is free to request, first from defense counsel and if necessary from Judge Fox, the release of all or some confidentiality restrictions either document by document or by category. The disposition of such requests would depend on (a) the basis, if any, for their confidentiality, and (b) the need, if any, of plaintiff to use the particular document or category in further prosecution of the case.

Defendant appears to have agreed that the current restrictions on use or release of the documents in question by plaintiff's counsel are applicable only to a temporary interim period. During this period, arguments concerning confidentiality may resolved on a document-by-document or category-by-category basis by counsel, and if necessary by the Magistrate Judge.

## IV

No specific requests appear to have been made to release specific items deemed relevant to the case for viewing by the plaintiff or disclosure to others. As indicated by transcript excerpts submitted, Judge Fox is keenly aware of the undesirability of blanket unsupported confidentiality orders.

■ Confidentiality is far more restricted when material is to be submitted to the court in connection with decision making than at the discovery stage when material that may lead to admissible evidence can be sought under Fed.R.Civ.P. 26. See cases cited, *Levy v. Weksel,* 143 F.R.D. 54 (S.D.N.Y. 1992); *McGrane v. Reader's Digest,* 1993 WL 525127, 1993 U.S. Dist. LEXIS 17790 (S.D.N.Y. Dec. 13, 1993).

Even in discovery contexts, however, a genuine need for confidentiality must be shown under Fed.R.Civ.P. 26(c), especially where information provided to counsel is to be withheld from a natural person litigant. Unless a genuine need for secrecy is shown, a protective order is not called for under Fed.R.Civ.P. 26(c); see *Gelb v. American Tel. & Tel.,* 813 F.Supp. 1022, 1034 (S.D.N.Y. 1993). Rule 26(c), indeed, lists various types of materials which by way of illustration and not limitation, may be protected from disclosure, such as trade secrets. A risk of revelation of information which might be unpopular or which might raise questions unrelated to the litigation is not sufficient to justify application of a protective order. See *Chemical Bank v. Affiliated FM Ins Co.,* 154 F.R.D. 91 (S.D.N.Y.1994).

At the same time, in order to uncover information which may lead to admissible evidence under Fed.R.Civ.P. 26(b), it is sometimes necessary to err on the side of overinclusion rather than underinclusion, especially where expedited discovery is undertaken. Particularly in this context, mere

production of an item which turns out not to be pertinent to the case in any significant way, either as evidence or as a source of information about potentially admissible evidence, should not automatically make it available to the world.

I have every confidence that the Magistrate Judge would consider requests either for return of irrelevant documents or for removal of confidentiality restrictions on others on an individual basis if the parties are unable to resolve such matters.

As so construed, the challenged decision of the Magistrate Judge is not prejudicial to plaintiff, nor "clearly erroneous or contrary to law," and on that basis the objections are overruled.

Counsel for the parties are requested to make greater use of consultation to resolve discovery disputes. Collegiality in such matters is mutually beneficial as well as an important means of conserving judicial resources. Attempts to agree on what should be done item-by-item should precede requests for blanket sweeping rulings by the Magistrate Judge followed by filing of objections to the Magistrate Judge's rulings. Failure to do so runs counter to Fed.R.Civ.P. 37(a) and the objectives of Fed.R.Civ.P. 1. See *Chambers v. Capital Cities*, 154 F.R.D. 63, 65 (S.D.N.Y.1994).[1]

SO ORDERED.

## APPENDIX A

### UNITED STATES DISTRICT COURT

CHAMBERS OF

JUDGE VINCENT L. BRODERICK

UNITED STATES COURTHOUSE

101 EAST POST ROAD

WHITE PLAINS, NEW YORK 10601–5086

POINTS FOR ORIENTATION OF COUNSEL IN CASES ASSIGNED TO JUDGE VINCENT L. BRODERICK

July 5, 1994

This outline supplements the Individual Rules of Practice of Judge Vincent L. Bro-

derick for the information of attorneys appearing in cases before him.

1. *IMPORTANCE OF COLLEGIALITY.* Judge Broderick appreciates professionalism between opposing counsel and recommends that harsh comments orally or in writing concerning opposing parties or attorneys be avoided.

2. *IMPORTANCE OF PRIOR CONSULTATION PRIOR TO APPLICATIONS.* Before making any procedural application, the applicant should discuss it orally with opposing counsel. If agreement cannot be reached, a conference call should be placed to chambers.

3. *IMPORTANCE OF DOCKET NUMBERS AND TELEPHONE NUMBERS.* Please include case docket numbers and telephone numbers of all counsel involved on any side in all papers or correspondence.

4. *DO NOT FILE SEALED ITEMS WITHOUT PRIOR PERMISSION.* Permission is required before filing *any* sealed or *ex parte* material. Entire documents cannot be filed under seal merely because some segments are confidential. See *Levy v. Weksel,* 143 F.R.D. 54 (S.D.N.Y.1992).

5. *NO MOTION PRACTICE CONCERNING POST–SUBMISSION PAPERS.* Once an application is fully submitted on a return date, the court may decide it without awaiting further papers (a motion may also be denied on the original papers without awaiting a response if nonmeritorious on its face).

As in the case of a reply to an opposition to a petition for *certiorari* under U.S. Supreme Court Rule 15, post-submission papers may be filed without further permission but the court need not defer decision until they are provided. Hence requests to file or objections to filing post-submission documents are unnecessary.

dated July 5, 1994.

---

1. With this in mind, I am enclosing as Appendix A a copy of my Points for Orientation of Counsel