Leon WILLIAMS, Plaintiff,

v.

COUNTY OF SULLIVAN, Sullivan County Jail, Kenneth LaPorte, Administrator of Sullivan County Jail in his individual and official capacity, Sullivan County District Attorney's Office, Stephen Lungen, District Attorney of Sullivan County in his individual and official capacity, K.C. Garn, Assistant District Attorney of Sullivan County, in his individual and official capacity, Sullivan County Sheriff's Department, Joseph Wasser, Sheriff of Sullivan County, in his individual and official capacity, Daniel Hoag, Undersheriff of Sullivan County, in his individual and official capacity, New York State Trooper, John Vandermolen, in his individual and official capacity, New York State Trooper, Edward Martinez, in his individual and official capacity, and John Doe 1, Supervisor of New York State Troopers John Vandermolen and Edward Martinez, in his individual and official capacity, Defendants.

93 CIV 2256 (VLB).

United States District Court, S.D. New York.

July 26, 1994.

Harvey J. Kaufman, Suss & Suss, New York City, for plaintiff.

Michael Davidoff, Drew, Garigliano & Davidoff, Monticello, NY, Donald Orseck, Liberty, NY, Dana F. Belcher, Asst. County Atty., Monticello, NY, Roy A. Esnard, Asst. Atty. Gen., State of New York Dep't of Law, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case presents the question of what discovery, if any, is appropriate at the initial stages of a suit brought under 42 U.S.C. § 1983 prior to submission of a motion for summary judgment on grounds of qualified immunity asserted by the defendants.[1]

The underlying action in this case brought under 42 U.S.C. §§ 1981, 1983, 1986, and 1988 involves alleged improper arrest and other civil rights and constitutional violations and pendent state claims, arising from failure to verify the identity the plaintiff at the time of his arrest and return to New York and during a seven-month period of incarceration thereafter. The court has jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

Plaintiff seeks to depose three defendants and one non-party law enforcement officer prior to preparing his opposition to motions for summary judgment on grounds of qualified immunity. Defendants seek to stay discovery pending decision on such motion.

1. The briefing schedule for the summary judgment motion, which has not yet been submitted, has been adjourned pending resolution of these discovery matters.

Plaintiff's request is granted and defendant's application denied to the extent set forth below.

### II

According to the complaint, plaintiff was arrested following a stop for a traffic violation in Birmingham, Alabama, in August 1991 on the basis of a New York felony warrant for selling heroin in an undercover operation.[2] Plaintiff claims that he was flown from Alabama to New York accompanied by the defendant New York state troopers and subsequently incarcerated in Sullivan County until about April 9, 1992, after a local law enforcement officer concluded that the plaintiff was not the "Leon Williams a/k/a ICE-MAN" named on the warrant.

Plaintiff alleges in the complaint that he stated initially in Alabama and at unspecified times thereafter that he was not the Leon Williams sought on the warrant. He also asserts that, despite physical description and date of birth on the warrant which were different from his own and despite having in their possession a photograph and other unspecified descriptive materials that could readily have shown that a misidentification had been made, the state troopers transported him to New York in violation of his right to be free from arrest on the basis of a defective arrest warrant.

Plaintiff claims that law enforcement officials in the Sullivan County Jail and District Attorney's Office failed to properly investigate the identify of the plaintiff despite availability and presentation of exculpatory evidence, thus violating his due process right to liberty under the Fourth, Fifth and Fourteenth Amendments. Plaintiff further alleges that the defendant county and state entities are responsible under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for policies and/or customs leading to unconstitutional practices and a failure to train personnel adequately.

2. The Birmingham, Alabama defendants were dismissed by order dated November 15, 1993.

Plaintiff seeks to depose three defendants—one of the state troopers, the undersheriff, and the district attorney—and one non-party witness whose undercover purchase of narcotics from the "Ice Man" allegedly led to the indictment and subsequent arrest warrant.

## III

■ Qualified immunity shields public officials performing discretionary functions from civil liability, *Wyatt v. Cole,* — U.S. —, ——, 112 S.Ct. 1827, 1832, 118 L.Ed.2d 504 (1992). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987), quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818–819, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982); see *Bradway v. Gonzales,* 26 F.3d 313 (2d Cir.1994).

■ While recognizing the public interest in "deterring public officials' unlawful actions and compensating victims of such conduct," *Elder v. Holloway,* — U.S. —, —— ——, 114 S.Ct. 1019, 1022–23, 127 L.Ed.2d 344 (1994), the doctrine of qualified immunity at the same time seeks to protect conscientious officials "from undue interference with their duties and from potentially disabling threats of liability," *Harlow,* 457 U.S. at 806, 102 S.Ct. at 2732; see *Anderson,* 483 U.S. at 642, 107 S.Ct. at 3040.

Thus "until the threshold immunity question [of whether the law was clearly established at the time an action occurred] is resolved, discovery should not be allowed," *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

In determining this threshold question, courts typically consider:
(1) whether the right in question was defined with "reasonable specificity"; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful.

*Jermosen v. Smith,* 945 F.2d 547, 550 (2d Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1565, 118 L.Ed.2d 211 (1992).

■ The right not to be arrested without probable cause has "long been a clearly established constitutional right," *Golino v. City of New Haven,* 950 F.2d 864 (2d Cir.1991), *cert. denied sub nom Lillis v. Golino,* — U.S. —, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992). At this early stage of this litigation, it is clear that plaintiff was entitled in August 1991 to be free from unjustified arrest and incarceration thereafter based on that arrest, as under the law as it presently exists. *Bradway,* 26 F.3d 313.

■ In *Baker v. McCollan,* 443 U.S. 137, 143, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979), the Supreme Court held that there is ordinarily no constitutional violation where a person is arrested with probable cause and pursuant to valid arrest warrant but by mistake. The Court indicated, however, that even where a warrant is valid, "mere detention ... in the face of repeated protests of innocence [may] after the lapse of a certain amount of time deprive the accused of 'liberty ... without due process of law.' " Id. at 145, 99 S.Ct. at 2695. Failure of law enforcement officers to take readily available steps to verify the identify of a arrestee resulting in prolonged detention may well be actionable under 42 U.S.C. § 1983. See *Buenrostro v. Collazo,* 777 F.Supp. 128, 136 (D.P.R. 1991), *aff'd,* 973 F.2d 39 (1st Cir.1992).[3]

If the identification of plaintiff was not pursued in a reasonable manner by the New York agents when returning him from Alabama or by local officials during his detention for over seven months in New York, such

---

**3.** As the Court held in *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987), "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in the light of preexisting law the unlawfulness must be apparent."

conduct by any or all of the defendants may be found arbitrary.

▇▇ Whether "it was objectively reasonable for [the officials] to believe that their acts did not violate [plaintiff's constitutional] rights," *Golino,* 950 F.2d at 870, cannot be determined from the disputed facts now presented.

Although the state troopers contend that deposing them is unduly intrusive because the Birmingham authorities actually arrested the plaintiff, evidence may reasonably be expected to be obtained that is pertinent to the process by which plaintiff was arrested (and by whom) and released from the Alabama authorities as well as evidence as to the state troopers' participation in those events and the identification materials available to the troopers.

Neither the reasonableness of these or any of the defendants' conduct in light of information available to them nor the liability of each defendant can be resolved until all material issues of fact pertaining to these matters have been fleshed out. See *O'Neill v. Town of Babylon,* 986 F.2d 646, 649 (2d Cir.1993). A stay of all discovery under such circumstances is inconsistent with expeditious adjudication of the issue of qualified immunity pursuant to Fed.R.Civ.P. 1. See Fed.R.Civ.P. 56(e)(f).

### IV

▇▇ Discovery dealing with the most obviously pertinent sources of information can be permitted to proceed initially, holding in abeyance questions regarding controverted further discovery until the results of initial discovery are known. See *Guzman v. Vega,* 1993 WL 535543 (S.D.N.Y. Dkt. No. 87 Civ. 3831, Dec. 21, 1993); *Chambers v. Capital Cities,* 154 F.R.D. 63 (S.D.N.Y.1994).

Thus, depositions of one of the state troopers and the undersheriff, whether potentially liable or not, and the non-party witness are an appropriate first step, are likely to lead to admissible evidence necessary to a determination of the reasonableness of defendants' conduct. Fed.R.Civ.P. 26.

Factual questions that remain unresolved include what information the authorities had pertaining to plaintiff at the time of his arrival at the jail and thereafter, the involvement of each of the defendants, how the identification of plaintiff was made and by whom, as well as protests if any made by plaintiff to whom and when, and the role of plaintiff's appointed criminal legal counsel in alerting the authorities to this problem.[4]

The District Attorney has the same obligation to provide relevant information as others but at this point there is no indication that this officer was directly involved with these matters, knew what information was given to the state troopers, or knew that proper identification, as plaintiff alleges, could easily have been made while plaintiff was incarcerated. Cautionary restraint in deposing individuals such as district attorneys is called for because overly broad discovery can be "peculiarly disruptive of effective government" constituting harassment contrary to *Harlow v. Fitzgerald,* 457 U.S. 800, 817–818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

This approach is to be distinguished from "phased" discovery focusing on particular issues, such as liability before damages; rather, it attempts to avoid broad-based and extensive discovery where a more limited approach is sufficient to provide adequate material factual information with the least possible intrusion into the time and budgets of public officials and agencies. *Guzman v. Vega,* 1993 WL 535543 (S.D.N.Y. Dkt. No. 87 Civ. 3831, Dec. 21, 1993). Although the 1993 amendment to Fed.R.Civ.P. 26(a) is not immediately effective in this district, the approach taken here is consistent with the underlying objective of the new amendment.

### V

Plaintiff may use the "rap sheet", "mug shots" and "fingerprint identification card" of the "Ice Man"—the individual for whom plaintiff was allegedly mistakenly identified—during the depositions of law enforcement officers.

---

4. Counsel for the County defendants suggests plaintiff was assigned counsel by the New York State Supreme Court judge at the time of his arraignment.

In order to protect nonparty natural persons, however, no material or records of this or other type containing identifying information related to such persons shall be filed with the court or disclosed to anyone other than counsel for the parties and employees of the defendant entities, unless the identifying material is redacted, or upon further order. This shall apply to deposition transcripts as well as other materials.

## VI

Discovery will proceed under the supervision of United States Magistrate Judge Sharon E. Grubin (as provided by the order of reference dated May 19, 1994), to whom all further discovery applications should be made. Judge Grubin may schedule dispositive motions, including any motion for summary judgment on grounds of qualified immunity, for decision by this court. Motions will be taken on submission unless otherwise ordered, pursuant to Individual Rule of Practice 6.4 (rev. 7/93).

**SO ORDERED.**