Robert **CHAMBERS**, Plaintiff,

v.

**CAPITAL CITIES/ABC,**
**et al., Defendants.**

No. 93 Civ. 6461 (VLB).

United States District Court,
S.D. New York.

Jan. 10, 1995.

**430**

John F. Carney, Carney & McKay, Pelham, NY, for plaintiff.

Kathleen M. McKenna, Proskauer Rose Goetz & Mendelsohn, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Both plaintiff and defendants in this age discrimination case have objected to two rulings by United States Magistrate Judge Mark D. Fox of December 1, 1994.[1] Judge Fox has subsequently vacated all pre-existing

discovery deadlines, requested the parties to seek to agree on a schedule for completing discovery, and has scheduled a further conference for March 1, 1995 at 8:45 A.M.

The disputed aspects of the December 1, 1994 rulings of the Magistrate Judge appear to focus on two questions: (1) to what extent, when and how plaintiff may obtain information about alleged press statements by executives of defendants or related entities which plaintiff believes tend to show age discrimination, and (2) to what extent, when and how information relating to personnel practices of related entities may be obtained by plaintiff.

The parties have interpreted the Magistrate Judge's rulings on these disputed issues as unconditionally and immediately effective. This assumption has been superseded by the modification of the discovery schedule as outlined above, which permits the parties to pursue the most crucial and most convenient discovery first. Under the circumstances, many of the parties' concerns may be dealt with by agreement or subsequent rulings of the Magistrate Judge. There is no occasion at this time to overrule any of the Magistrate Judge's decisions even were some of the arguments made by the parties to be accepted. Other arguments, which must be addressed in any event, are canvassed below.

Against this background, the objections are largely moot or premature and in all other respects without merit, and are denied.

### II

Where press statements are claimed to have been made which arguably relate to the subject of a lawsuit, information about such statements may be admissible or lead to admissible evidence and hence are discoverable under Fed.R.Civ.P. 26 unless such discovery is prejudicial, unduly burdensome or would reveal confidential or privileged information. Press statements are obviously not burdensome to verify or refute,

---

1. For prior decisions in this case, see *Chambers v. Capital Cities*, 851 F.Supp. 543 (S.D.N.Y. 1994); *Chambers v. Capital Cities*, 154 F.R.D. 63 (S.D.N.Y.1994); *Chambers v. Capital Cities*, 157 F.R.D. 3 (S.D.N.Y.1994). Familiarity with these rulings is assumed.

Objections have also been made to discovery rulings of the Magistrate Judge on November 17, 1994 which are treated separately and not discussed here.

and cannot by definition be confidential or privileged. Since the information involved relates to matters already in the public domain, the sole pertinent privilege would appear to relate to use of the information at trial. The weighing of relevancy against prejudice called for when evidence is to be offered at trial under Fed.R.Evid. 403, cannot as yet be performed since both the authenticity or inaccuracy of the quotations set forth in the media and the background of other discovery will doubtless shed light on the question.

Under these circumstances plaintiff is entitled to obtain information concerning the accuracy or inaccuracy of quotations in the press about employment policies of any of the defendants or related entities. Defendants have the option of providing a response in the most convenient manner to them in the first instance. If the answers are ambiguous, deposition testimony may be insisted upon by plaintiff.[2]

### III

■ Events in affiliated entities may be relevant to occurrences across corporate lines if a common or central policy is involved. Discovery which involves entities not directly involved and which requires production of large numbers of persons or documents may, however, be burdensome, and accordingly is only appropriate where more directly relevant and less burdensome discovery suggests the need to go further. See authorities cited, *Chambers v. Capital Cities*, 154 F.R.D. 63 (S.D.N.Y.1994). Such phased discovery permits necessary information to be obtained if the need is established, without allowing the mere filing of a lawsuit to trigger unduly burdensome discovery. See

*Williams v. County of Sullivan*, 157 F.R.D. 6 (S.D.N.Y.1994). Phased discovery, perhaps difficult under the timetable previously in place, is facilitated by the action of the Magistrate Judge in extending all deadlines.

Because of the additional leeway thus afforded, it is appropriate for plaintiff to request defendants to comply initially with discovery requests concerning the direct entity for which plaintiff worked, as well as information relating to the press statements referred to above.[3]

It is desirable in minimizing the cost and expenditure of time of all involved if document production relevant to a particular witness is completed prior to deposition of that witness. The appropriate sequence, absent agreement otherwise between the parties, should begin with document production relating to the entity for which plaintiff directly worked, depositions of witnesses employed now or earlier by such entity, and thereafter consideration of whether evidence (other than concerning media statements) concerning other entities or their present or past personnel is necessary.[4]

### IV

To the extent not ruled upon here, the parties' objections to Judge Fox's rulings of December 1, 1994 are premature given subsequent developments and the criteria discussed above for dealing with such matters.

SO ORDERED.

---

**2.** Executive time and that of counsel for all parties will best be conserved if repeated depositions of the same witness dealing with differing subjects are avoided. Consequently, any depositions which may be needed for other reasons apart from accuracy of media quotations shall be deferred until all relevant topics can be covered simultaneously.

**3.** Should additional issues concerning implementation of such discovery arise, the parties shall attempt to resolve it between themselves in the first instance as required by Fed.R.Civ.P.

37(a)(2)(B), prior to seeking judicial relief. If agreement is not reached, a conference or conference call with the district court shall be initiated. If such efforts lead to no resolution, the matter may be submitted to the Magistrate Judge for a ruling on or after March 1, 1995.

**4.** It has been established by prior rulings that no blanket or inherent barrier to discovery concerning practices of affiliated entities exists. A realistic need for such discovery must, however, be shown based on other information pursued first.